**Gary H. MOORE, Appellant,**

v.

**STATE of Missouri, Respondent.**

No. 53941.

Missouri Court of Appeals,
Eastern District,
Division One.

July 26, 1988.

Nancy A. McKerrow, Columbia, for appellant.

William L. Webster, Atty. Gen., Robert V. Franson, Asst. Atty. Gen., Jefferson City, for respondent.

CRIST, Presiding Judge.

Movant appeals the denial of his 27.26 motion after an evidentiary hearing. Movant was convicted of robbery in the first degree and attempted robbery in the first degree after entering pleas of guilty to both charges. He was sentenced to ten years' imprisonment on each charge, with the sentences to run concurrently. We affirm.

Both of movant's contentions of error on appeal relate to ineffective assistance of counsel. In his first point, movant alleges his counsel induced him to lie during the plea proceeding by promising him a suspended sentence or parole after two years.

When a movant claims his plea was involuntary because he was misled by counsel, the test is whether movant's belief was reasonable. *Wiles v. State*, 689 S.W.2d 786, 787[1] (Mo.App.1985).

The only evidence in support of movant's contentions is his own testimony at the evidentiary hearing. His counsel denied that he had made any promises to induce movant to lie. The transcript of the guilty plea hearing also refutes movant's allegations. When the judge at the plea hearing asked movant whether his attorney had instructed him to lie, he replied "[n]o, sir." Movant also acknowledged that no promises had been made to induce his guilty pleas other than the State's recommendation of ten years' imprisonment. It is the job of the motion court to determine the credibility of the witnesses, *Richardson v. State*, 719 S.W.2d 912, 915 (Mo.App. 1986). The court was free to disbelieve movant's testimony at the evidentiary hearing. *Porter v. State*, 678 S.W.2d 2, 3[2] (Mo.App.1984). Moreover, the transcript of the guilty plea hearing shows that movant was informed by the court that any promises of probation were not binding on the

court. Even if movant continued to lie after that, it would not render his pleas involuntary and entitle him to relief. *See LaRose v. State*, 724 S.W.2d 339, 340[2] (Mo.App.1987).

In his second point, movant alleges his counsel was ineffective because he failed to interview and depose witnesses who would have provided movant with an alibi or defense to the charges.

In order to prevail on a claim of ineffective assistance for failure to interview witnesses, movant must "show what the testimony of the witnesses would have been and how it would have helped him." *Simons v. State*, 719 S.W.2d 479, 480[1] (Mo. App.1986). "The movant has the burden of proving that the witnesses' 'testimony would have provided a viable defense.'" *Id.* (quoting *Franklin v. State*, 655 S.W.2d 561, 566 (Mo.App.1983).

■ Movant complains that his counsel was ineffective for failing to interview and depose Sandra Johnson, the victim of the robbery for which movant pled guilty, and Dale Davis, victim's brother and a "co-participant in the crimes charged."

At the evidentiary hearing, movant testified an investigator for his attorney contacted Davis, and Davis told him movant "took his siter's [sic] pocket book out of the car." There was no evidence that Davis could have provided a defense for movant.

Movant alleged an investigation of Johnson would have revealed that he was working for her selling drugs, and the money he took from her was money she owed him. At his plea hearing, movant stated that he was satisfied with his attorney's representation and had no complaints or criticism. Under the circumstances, the trial court was not clearly erroneous in finding movant "failed to establish what information counsel could have discovered concerning [victim] that would have discredited her."

Judgment affirmed.

DOWD and REINHARD, JJ., concur.