Bobby NORRIS, Appellant,

v.

STATE of Missouri, Respondent.

No. 55861.

Missouri Court of Appeals,
Eastern District,
Division One.

Sept. 12, 1989.

Motion for Rehearing and/or Transfer to Supreme Court Denied Oct. 18, 1989.

Application to Transfer Denied
Nov. 14, 1989.

David C. Hemingway, St. Louis, for appellant.

William L. Webster, Atty. Gen., John P. Pollard, Asst. Atty. Gen., Jefferson City, for respondent.

CRIST, Judge.

Movant appeals the denial of his Rule 27.26 motion after an evidentiary hearing. We affirm.

On April 23, 1986, movant, following plea negotiations, entered pleas of guilty on two counts of first degree robbery and one count of resisting arrest. Movant received concurrent twenty-year terms on the robbery charges and another concurrent five-year term for resisting arrest as recommended by the State. At the time, movant also had charges pending in Mississippi. On December 31, 1987, movant timely filed a pro se motion under now repealed Rule 27.26 alleging ineffective assistance of counsel because of "false misleading promises of counsel ... that led [him] to believe that when he got his Mississippi sentence Missouri would release him to Mississippi." He alleged these promises proved false and ill-founded and alleged he would not have pleaded guilty in Missouri had he known the promises were false.

Movant was granted an evidentiary hearing on October 13, 1988. At the evidentiary hearing both movant and his trial counsel testified. Thereafter, on October 26, 1988, the motion court denied his motion and set forth its findings of fact and conclusions of law. The motion court determined "movant's plea was knowingly and voluntarily given and intellectually made." The motion court found movant's testimony not credible but found movant's trial counsel's testimony credible and it contradicted movant's testimony.

Movant now appeals alleging the motion court erred in denying his claim his guilty plea was based on a mistaken belief because the motion court did not consider whether movant's mistaken belief was reasonable.

■ When a movant claims his plea was involuntary because he was misled by counsel, the test is whether movant's belief was reasonable. *Moore v. State*, 754 S.W.2d 40[1] (Mo.App.1988).

■ A thorough review of the record reveals the only evidence which supports movant's contention is his own testimony at the evidentiary hearing. At the motion hearing, movant's trial counsel testified he made it absolutely clear to movant any resolution to movant's Missouri charges would only resolve his problems in Missouri and would not have any relationship with his Mississippi charges. Trial counsel also testified he made sure movant understood the prosecutor had no authority to make any negotiations for Mississippi.

Movant's own testimony from the guilty plea proceedings also refute movant's allegations. Movant was asked several times whether he thought trial counsel had done a good job for him for which he answered, "Yes." Further, when the judge asked movant, "Has anyone made any promises to you concerning your plea, such as, the amount of time you might have to serve or the possibility of probation other than a negotiated plea that you and your lawyer has worked out with the Prosecutor ...?" he answered, "No, sir." The judge informed movant even if any other promises had been made the court was not bound by them nor was the court aware of any other promises other than the State's recommendation. When asked if movant understood this, he answered, "Yes, sir."

It is the job of the motion court to judge the credibility of the witnesses. *Moore v. State*, 754 S.W.2d at 40[2]. The motion court was free to disbelieve movant's testimony at the evidentiary hearing. *Id.* The motion court was not clearly erroneous in finding movant's plea was knowingly, voluntarily and intellectually made and movant "failed to meet his burden of establishing grounds for relief."

Judgment affirmed.

GARY M. GAERTNER, P.J., and REINHARD, J., concur.