Leroy WISE, Movant-appellant,

v.

STATE of Missouri, Respondent.

No. 56772.

Missouri Court of Appeals,
Eastern District,
Division Five.

March 13, 1990.

Henry B. Robertson, Asst. Public Defender, St. Louis, for movant-appellant.

William L. Webster, Atty. Gen., Christine A. Alsop, Asst. Atty. Gen., Jefferson City, for respondent.

DOWD, Presiding Judge.

This is an appeal from the denial of a motion to vacate judgment and sentence pursuant to Rule 24.035. We affirm.

On November 8, 1988, movant Leroy Wise pleaded guilty to three counts of first degree burglary, 569.160 RSMo 1986, two counts robbery in the first degree, 569.020 RSMo 1986; two counts armed criminal action, 571.015 RSMo 1986; one count assault in the second degree, 565.060 RSMo 1986; and one count of attempted robbery in the first degree, 569.020 and 564.011 RSMo 1986. The movant pled guilty after his trial had started and voir dire had been completed. He was sentenced to 25 years in prison as a persistent offender.

The appellant claims that his guilty plea was not knowingly and voluntarily made because of his mental condition both at the time of the commission of the crime and at the time of the plea of guilty. We affirm.

The amended motion filed by counsel is not verified. Failure to comply with the verification requirement mandates that we disregard the amended motion. Rule 24.035(f); *Mills v. State*, 769 S.W.2d 469, 470 (Mo.App.1989). But contrary to respondent's brief, we find that appellant's

point on appeal was raised in his *pro se* motion. Thus, we have jurisdiction over appellant's allegation.

Our review is limited to determining whether the findings, conclusions, and judgment of the motion court are clearly erroneous. *Richardson v. State*, 719 S.W.2d 912, 915 (Mo.App.1986). The motion court's findings and conclusions are clearly erroneous only if a review of the entire record leaves the appellate court with a definite and firm impression that a mistake has been made. *Richardson*, 719 S.W.2d at 915.

■ To be entitled to an evidentiary hearing on a Rule 24.035 motion, the movant must allege facts, not conclusions, which if true, would warrant relief; the allegations of fact must not be refuted by record; and the matters complained of must have resulted in prejudice to the movant's defense. *Thomas v. State*, 736 S.W.2d 518, 519 (Mo.App.1987). On a plea of guilty all claims of ineffective assistance of counsel are waived except to the extent they make the plea involuntary. *McGinnis v. State*, 764 S.W.2d 653, 654 (Mo.App. 1988).

The credibility of the witnesses is for the motion court's determination, and it may reject testimony even though no contrary evidence is offered. *Richardson v. State*, 719 S.W.2d 912, 915 (Mo.App.1986).

■ The appellant in his *pro se* motion contends that his guilty plea was not knowing and voluntary because his counsel failed to investigate his prior mental history for use in an insanity defense and because his counsel failed to appraise the court that there was a reasonable probability that his client was suffering from a mental defect at the time he entered his plea of guilty. The motion court concluded that the appellant's allegations were refuted by the record.

The appellant's attorney clearly did investigate the possibility of using the insanity defense. On May 3, 1988 after a competency hearing which was conducted at defense counsel's request, the court found the appellant competent to proceed. So,

defense counsel obviously did investigate the possibility of using the insanity defense. Thus, appellant's allegation that his attorney failed to investigate prior mental history is clearly refuted by the record.

■ Next appellant suggests that because of a mental defect that he could not knowingly and voluntarily plead guilty. The trial judge who accepted his plea observed him during voir dire and concluded that the appellant did not exhibit any bizarre, aberrant, or sub-normal behavior. After the appellant decided to plead guilty, the trial judge advised him of his right to a jury trial. Plus, defense counsel stated that a mental and psychological evaluation performed by Dr. Raymond Knowles found the defendant did not presently suffer from a mental defect or disease. In light of this evaluation, defense counsel stated that he was confident that the appellant understood his rights and the effect of pleading guilty. Thus, the findings of the motion court are not clearly erroneous. Point denied.

The judgement is affirmed.

SIMON, C.J., and JOSEPH J. SIMEONE, Senior Judge, concur.