Ronald SPRADLING, Movant–Appellant,

v.

STATE of Missouri, Respondent.

No. 18422.

Missouri Court of Appeals,
Southern District,
Division Two.

Oct. 19, 1993.

Motion for Rehearing or Transfer
Denied Nov. 10, 1993.

Barbara Hoppe, Columbia, for movant-appellant.

Jeremiah W. (Jay) Nixon, Atty. Gen., John M. Morris, Asst. Atty. Gen., Jefferson City, for respondent.

FLANIGAN, Presiding Judge.

Movant Ronald Spradling appeals from a denial, after evidentiary hearing, of his Rule 24.035 [1] motion, seeking to vacate a judgment and sentence on a plea of guilty to a four-count information charging assault in the first degree, kidnapping, and two offenses of armed criminal action. Movant was sentenced to 15 years' imprisonment on each count, to be served concurrently.

Movant contends that he was entitled to relief on his motion, and the trial court erred in ruling otherwise, because movant was coerced into entering his guilty plea, and movant was denied effective assistance of counsel in connection with the entry of his plea. Movant asserts that he would not have pleaded guilty if his plea had not been coerced and if he had received effective assistance of counsel.

Appellate review of the trial court's ruling on the motion is limited to a determination of whether the findings and conclusions of the trial court are clearly erroneous. Rule 24.-035(j). The findings and conclusions of the trial court are deemed clearly erroneous only if, after review of the entire record, the appellate court is left with the definite and firm impression that a mistake has been made. *Day v. State*, 770 S.W.2d 692, 695–696 (Mo. banc 1989).

Movant's first point is that the trial court erred in denying him relief on his motion because his guilty plea was coerced. The alleged coercion consisted of the following: (a) movant's counsel at the guilty plea was a substitute counsel [lawyer 2], who was not familiar with the case and was not prepared to go to trial; (b) movant's prior counsel [lawyer 1], three days before the trial date, "threatened movant with four life sentences if movant would not enter a guilty plea," refused to discuss trial strategy with movant, and was not available or prepared to go to trial that morning; (c) at the guilty plea hearing the court told movant that if he did not enter a guilty plea that morning a jury was waiting outside the courtroom to hear the case; and (d) the court failed to inquire whether movant's plea was voluntary or the result of threats or promises apart from the plea agreement.

Movant's second point is that he was denied effective assistance of counsel prior to entering his guilty plea, and the trial court erred in ruling otherwise, because counsel was ineffective: (a) in failing to inform movant of the elements of each offense to which he pleaded guilty; and (b) in failing to inform movant that one of the charged offenses, armed criminal action, carried a mandatory minimum sentence of three years before eligibility for parole. Movant's two points will be considered together.

At the guilty plea hearing, held on February 17, 1987, the state appeared by an assistant prosecuting attorney, and movant appeared in person and by lawyer 2, an assistant public defender. Lawyer 2 informed the court that lawyer 1, also a public defender, had been representing movant but could not be present because of road conditions due to bad weather. Lawyer 2 informed the court that, pursuant to a plea agreement, movant wished to withdraw his former pleas of not guilty and to enter a plea of guilty to each of the four counts of the amended information. Movant stated that he wanted to proceed with lawyer 2 representing him. The court informed movant that before he could accept his pleas of guilty he needed to question him to determine if they were voluntary and informed.

Under questioning by the court, movant testified: I am satisfied with the way I have been advised and represented by lawyer 1 and lawyer 2, and I have no complaint about their representation; I have had all the time I need to visit with lawyer 1 about the matter; I understand what rights I am waiving by entering pleas of guilty [the court had earlier informed movant of the rights being

---

1. Except where otherwise indicated, all references to rules are to Missouri Rules of Court, V.A.M.R.

waived]; a plea agreement had been reached with the prosecutor; the plea agreement was for a sentence of 15 years on each of the four counts, the sentences to run concurrently; I understand the plea agreement, which contemplates immediate sentencing and no probation; other than the plea agreement, nothing has been promised me.

Lawyer 2 informed the court that he had talked to lawyer 1 that morning, and lawyer 1 had discussed with movant the range of punishment for the offenses in the event the case went to jury trial. At the request of the court, the prosecutor "for the record" correctly stated what the range of punishment was for each of the four charged offenses. Movant stated that he was not taking any medication and that he understood what had been discussed at the hearing.

The court informed movant that the court would read to him the amended information, and did so. After the information was read, the court asked movant if those were the four counts to which he wanted to plead guilty and movant answered, "Yes." The court asked movant if he knew what was alleged in the information and movant said, "Yes," and that he did what the information said he did. The court said he realized that lawyer 2 was not the attorney who prepared the case for trial and that lawyer 1 did that, and that the court understood that lawyer 1 and lawyer 2 had discussed the matter by telephone, that lawyer 1 had planned to be present for the plea proceeding and had conferred extensively with movant. Lawyer 2 informed the court that he did not know of any reason why the court should not accept movant's pleas of guilty. The court stated that it accepted the guilty pleas and found them to be knowing and voluntary and entered with an understanding of the nature of the charges. The court further found there was a factual basis for the pleas and pronounced judgment and sentence in accordance with the plea agreement.

At the post-conviction hearing held on November 14, 1992, the three witnesses, all called by movant, were movant, lawyer 1, and lawyer 2. The offenses were committed on March 1 and March 2, 1986. Movant was arrested on March 2, 1986, and remained in jail until the plea hearing of February 17, 1987. On March 3, 1986, lawyer 1 was appointed to represent movant.

Movant admitted that he conferred with lawyer 1 eight or ten times, that lawyer 1 investigated his case, that a preliminary hearing was held, depositions were taken by lawyer 1, and three psychiatric evaluations were held. On February 14, 1987, movant conferred with lawyer 1 with respect to the proposed plea agreement. Movant said that as a result of that conversation, "It was my definite impression that if I didn't take the 15–year plea offer I would get four life sentences." Movant admitted that lawyer 1 informed him of the range of punishment for each of the four charged offenses.

Movant testified that he felt coerced into pleading guilty. He said that if he had known that armed criminal action, one of the offenses charged, was a non-parolable offense for three years, he would have sought a jury trial.

On cross-examination, movant admitted that no one had ever promised him that he would be eligible for parole after a given length of time, that lawyer 2 had not told him that he would represent him at a jury trial, that lawyer 2 said he was there to represent him for the plea, that the court did not tell movant that if he didn't want to plead guilty he would have to go to trial with an unprepared attorney. Movant said the court "just told me I could go to trial if I wanted to right then."

Lawyer 1 testified that he represented movant, he investigated the case thoroughly, participated in the preliminary hearing and depositions, and discussed trial strategy with movant. He said that three days before the guilty plea hearing he conferred with movant about the plea agreement. He also said that he arranged for lawyer 2 to be present with movant at the plea hearing because bad road conditions prevented lawyer 1 from being present. He testified that he understood

that movant was going to enter pleas of guilty on February 17 and had no intention of going to trial that day. He testified that it was a good plea agreement under the circumstances, that the facts of the case "were not good," that movant was charged as a persistent offender, and that in his opinion if movant had gone to trial movant "would have got a lot more than what he received on the plea bargain." He said he did not tell movant that if movant didn't accept the plea agreement he would get four life sentences. He told movant that the plea agreement was a good deal and he should take it.

Lawyer 2 testified that on the morning of the plea hearing he had a telephone conversation with lawyer 1. He said he was not prepared to represent movant in a jury trial on February 17, 1987. He recalled that the court, at the time of the guilty plea hearing, advised movant that a jury was waiting outside the courtroom. "I recall lots of cases where the judge has said that." He said his conversation with lawyer 1 was with respect to the plea agreement and that if the plea agreement "had not gone through I would not have undertaken to represent movant at a trial and I would not have tried the case that day." He also testified that before the guilty pleas were entered he had discussed the plea agreement with movant and that movant understood the plea agreement.

■ Movant's first point is based upon a claim that his guilty plea was coerced. It is true that movant's counsel at the guilty plea hearing, lawyer 2, was a substitute counsel who was not familiar with the case and was not prepared to go to trial. The fact is, however, that several days earlier a plea agreement, later approved by the court, had been reached between the state and lawyer 1, who was acting for movant and had discussed the proposed plea agreement with him. The plea hearing was held on February 17, 1987. There is nothing in the docket sheet to indicate that the case had been set for trial that day. The record does not show that the case would have proceeded to trial that day if the court had rejected the plea agreement.

Movant testified at the motion hearing that his conversation with lawyer 1 on February 14, 1987, gave movant the impression that he would get four life sentences if he did not accept the plea agreement. Lawyer 1 testified that he did not tell movant that movant would receive four life sentences if he did not accept the plea agreement.

In *Holt v. State*, 811 S.W.2d 827 (Mo.App. 1991), this court said, at 828:

When a movant claims his plea was involuntary because he was misled by counsel, the test is whether movant's belief was reasonable. *Norris v. State*, 778 S.W.2d 823, 824[1] (Mo.App.1989). "While an individual may proclaim he had a certain belief and may subjectively believe it, if it was unreasonable for him to entertain such a belief at the time of the plea proceeding, relief should not be granted.... Where there is no reasonable basis for the belief in light of the guilty plea record, movant is not entitled to relief." *McMahon v. State*, 569 S.W.2d 753, 758 (Mo. banc 1978).

Even if movant's testimony at the motion hearing had been uncontradicted, the motion court was not required to believe that testimony. Lawyer 1 testified that he had discussed trial strategy with movant before the plea agreement was accepted. It is true that lawyer 1 was not available to go to trial on the date of the guilty plea hearing, but the plea agreement had already been reached. Neither side intended to go to trial on February 17. Lawyer 1's absence from the guilty plea hearing was justified by dangerous road conditions, and movant was adequately represented at the hearing by lawyer 2.

During the guilty plea hearing, the court explained to movant what rights he was waiving by entering a plea of guilty. The court said, "As a matter of fact we have a jury outside the courtroom now that we have called for purposes of trying your case. And, if you wished to go ahead and maintain your plea of not guilty you could have trial this morning. But, by pleading guilty of course there will be no trial and you'll be giving up the right to have a jury determine your guilt

or innocence. Do you understand that?" Movant answered, "Yes, sir."

Review of the entire transcript of the guilty plea hearing shows that movant takes out of context the quoted comments of the court. The court was aware that lawyer 2, substitute counsel, was present solely in connection with the entry of the guilty plea. Lawyer 2 had no prior experience with the case, lawyer 1 was justifiably absent, and the record does not support movant's theory that he would have been forced to jury trial that day if he did not enter a guilty plea. The record supports the following findings of the motion court:

> The court finds that movant's allegation that the court, in effect, told movant he could go to trial on the date of plea, but would have to go to trial with an unprepared and ineffective attorney, is refuted by the record. The court finds that [lawyer 2] appeared with movant on the date of plea, solely for the purpose of representing him in a plea of guilty. The court notes that this is clear both from the testimony of [lawyer 2] and from the record made at the time of plea. The court finds that it was never contemplated that, had movant elected to go to trial, [lawyer 2] was to represent movant during that trial. This is also clear both from the testimony of [lawyer 2] and from the record made at the time of plea.

Prong (d) of movant's first point is factually unsound. At the plea hearing, steps were taken after the court had informed movant that he needed to question him under oath to determine whether his plea was voluntary and informed. The court conducted a lengthy interrogation of movant, explained to him the rights he was waiving by entering a guilty plea, read to him the contents of the information, and discussed the particulars of the plea agreement. Movant stated that he understood the plea agreement and that nothing aside from the plea agreement had been promised him. Movant's first point has no merit.

■ Movant's second point is based on the claim that he was denied effective assistance of counsel prior to entering his guilty plea. In *Hill v. Lockhart*, 474 U.S. 52, 106 S.Ct. 366, 88 L.Ed.2d 203 (1985), the Court made several statements which apply here. They include:

> Where, as here, a defendant is represented by counsel during the plea process and enters his plea upon the advice of counsel, the voluntariness of the plea depends on whether counsel's advice "was within the range of competence demanded of attorneys in criminal cases." *Id.* 474 U.S. at 56, 106 S.Ct. at 369.

.    .    .    .    .

> [T]he two-part *Strickland v. Washington* [466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984)] test applies to challenges to guilty pleas based on ineffective assistance of counsel. In the context of guilty pleas, the first half of the *Strickland v. Washington* test is nothing more than a restatement of the standard of attorney competence already set forth in *Tollett v. Henderson, supra,* [411 U.S. 258, 93 S.Ct. 1602, 36 L.Ed.2d 235 (1973)] and *McMann v. Richardson,* [397 U.S. 759, 90 S.Ct. 1441, 25 L.Ed.2d 763 (1970)]. The second, or "prejudice," requirement, on the other hand, focuses on whether counsel's constitutionally ineffective performance affected the outcome of the plea process. *In other words, in order to satisfy the "prejudice" requirement, the defendant must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial. Id.* at 58–59, 106 S.Ct. at 370 (Emphasis added.)

Movant claims that lawyer 1 was ineffective in failing to inform movant of the elements of each offense to which he pleaded guilty. At the guilty plea hearing, the court read the information to movant. Movant then stated that he knew what was alleged in the information and that he committed the acts alleged in it.

In *Western v. State*, 760 S.W.2d 174 (Mo. App.1988), a post-conviction proceeding chal-

lenging a plea of guilty to each of four charges, movant argued that no one had explained to him fully the elements of the offenses with which he was charged.

Rejecting that argument, this court said, at 175–176:

Whether movant's argument is addressed to a claimed dereliction on the part of the court which accepted the plea or of his counsel who represented him at the plea hearing, it has no merit. "A court's duty in accepting a guilty plea is to determine whether the plea is voluntarily and freely made. See Rule 24.02. But a court is not required to explain every technical element of an offense to a defendant who pleads guilty." *State v. Acton,* 665 S.W.2d 618, 620[4] (Mo. banc 1984).

Movant's criticism of counsel also fails.

"[E]ven if movant's counsel did fail to inform him of the elements of the crime, it would not necessarily invalidate his plea of guilty. The inquiry is whether the alleged ineffectiveness of counsel vitiated the requisite understanding and voluntariness of the plea.... There is no requirement that counsel explain the technical elements of the offense, only that the defendant understand the nature of the charge.... When an accused admits in open court facts which constitute the offense, as movant did here, he cannot thereafter withdraw his plea on the assertion he did not understand the·nature of the charge to which he pled guilty." (Citing authorities.)

*Byrd v. State,* 726 S.W.2d 402, 404–405[4] (Mo.App.1987).

The record of the guilty plea hearing demonstrates that movant understood the nature of the charges to which he pleaded guilty and that his pleas were voluntary.

■ Finally, movant contends that lawyer 1 was ineffective in failing to inform him that one of the charged offenses, armed criminal action, carried a mandatory minimum sentence of three years before eligibility for parole.

Rule 24.02(b) requires the court, before accepting a plea of guilty, to inform the defendant of certain matters, including "the mandatory minimum penalty provided by law, if any, and the maximum possible penalty provided by law." At the guilty plea hearing, that information was given to movant. Rule 24.02 makes no requirement with respect to the imparting of information concerning parole.

In *United States v. Garcia,* 698 F.2d 31 (1st Cir.1983), the court dealt with Fed. R.Crim.P. 11, which required the court to advise a defendant, on a plea of guilty, of "the mandatory minimum penalty provided by law, if any, and the maximum possible penalty." The court held that the word "penalty," as used in the federal rule, referred to "the statutory nominal sentence" which was "usually readily ascertainable from the face of the statute defining the crime." The court also held that the word "penalty" did not refer to "actual time in prison after credit for good behavior and parole" and that failure of the trial court to advise the defendant of the factors affecting her parole eligibility did not render the guilty plea unintelligent and involuntary. Movant's second point has no merit.

The findings and conclusions of the trial court were to the effect that movant was not coerced into entering his guilty plea and that he was not denied effective assistance of counsel in connection with the entry of his plea. Those findings and conclusions are not clearly erroneous and, indeed, are fully supported by the record.

The judgment is affirmed.

PREWITT and GARRISON, JJ., concur.