**STATE of Missouri, Respondent,**

v.

**Terry RICE, Jr., Appellant.**

**No. WD 49211.**

Missouri Court of Appeals,
Western District.

Oct. 4, 1994.

Motion for Rehearing and/or Transfer to Supreme Court Denied Nov. 29, 1994.

Patricia A. Richter, Asst. Appellate Defender, Kansas City, for appellant.

Jeremiah W. (Jay) Nixon, Atty. Gen., Jefferson City, Philip M. Koppe, Asst. Atty. Gen., Kansas City, for respondent.

Before ELLIS, P.J., and BERREY and SMART, JJ.

BERREY, Judge.

Movant pled guilty to second degree burglary, § 569.170 RSMo, 1986, and stealing over $150.00, § 570.030 RSMo, 1986. He was sentenced to five years on each count, to run concurrently. From this plea and sentence, appellant files his 24.035 motion for post-conviction relief.

Movant was incarcerated in the Jackson County jail awaiting trial or plea and was visited by his wife. While they were visiting, the phone in the visitor's room was broken. Jail guards summoned Rice outside and when he resisted they forcibly removed him from the visitor's room. In the process, he was rendered unconscious for about five minutes. Approximately 1½ hours later, movant was taken to Division 16 of the Circuit Court and there entered his guilty plea.

At that time, he stated he was only thinking "half clearly" and explained about his being rendered unconscious about 1½ hours prior to his appearance in court. Movant acknowledged he was all right and wanted to proceed with the guilty plea. Subsequently, he filed a 24.035 which the motion court denied without granting an evidentiary hearing.

Movant raises four points on appeal: 1) the motion court erred by failing to grant his 24.035 motion because his guilty plea was involuntary, his trial counsel being ineffective; 2) failure to grant appellant credit for jail time served from the date of his arrest; 3) because he had been unconscious for five minutes some 1½ hours before entering his plea he was incapable of making an informed decision; and, 4) that the trial court failed to find beyond a reasonable doubt that movant was a prior and persistent offender.

In Point I, movant complains his trial counsel did not fully inform him of the consequences of § 558.019 RSMo, 1986, a statute which addresses not only the length of sen-

tences imposed for various felonies but also how much time must be served before an inmate is eligible for parole. Movant complains that the failure of his attorney to explain collateral issues, such as parole, constitutes ineffective assistance of counsel.

█ In order to establish ineffective assistance of counsel, movant must establish that: 1) his counsel did not demonstrate the customary skill and diligence that a reasonably competent attorney would display giving similar services under the existing circumstances; and, 2) that he was prejudiced thereby. *Strickland v. Washington,* 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). This standard was applied to guilty plea challenges in *Hill v. Lockhart,* 474 U.S. 52, 106 S.Ct. 366, 88 L.Ed.2d 203 (1985). The movant must show that there is a reasonable probability that but for counsel's error, he would have gone to trial and not entered a guilty plea. *Id.* at 57, 106 S.Ct. at 369.

█ On appeal, the review of a post-conviction motion is limited. We determine only whether the findings of fact and conclusions of law are "clearly erroneous." *Leisure v. State,* 828 S.W.2d 872, 874 (Mo. banc 1992), *cert. denied* 506 U.S. ——, 113 S.Ct. 343, 121 L.Ed.2d 259 (1992). On review, the motion court's findings and conclusions are presumed correct and the appellant bears the burden of demonstrating that the findings and conclusions are "clearly erroneous." *Wilson v. State,* 813 S.W.2d 833, 835 (Mo. banc 1991); *Lestourgeon v. State,* 837 S.W.2d 588 (Mo.App.1992).

█ The rules are silent about the judge advising appellant concerning application of parole, conditions of parole, length of time to be served before eligibility for parole, etc. Parole is a collateral consequence and the court is not required to explain the implications to defendant. *Spradling v. State,* 865 S.W.2d 806, 811 (Mo.App.1993).

█ Rule 24.02(b) requires the trial court to *inform defendant of various matters* including the mandatory minimum penalty and maximum possible penalty as provided by law. The appellant was so advised at the guilty plea hearing. Nothing in Rule 24.02 requires furnishing defendant with information concerning parole. Failure of the trial court to advise appellant of factors affecting parole eligibility will not render the guilty plea unintelligent or involuntary. *United States v. Garcia,* 698 F.2d 31 (1st Cir.1983).

Appellant's Point I is denied.

█ Appellant next complains in Point II that his attorney was ineffective because the plea agreement did not include credit for jail time served from the date of his arrest until his plea hearing. He contends he was misled by his attorney, hence his plea was involuntary.

The following colloquy took place between Rice and his counsel:

A. Yes. Can I say something? Is this to run concurrent with the time that I'm doing?

MR. HUMPHREY: Yes.

A. I mean—okay.

Q. Okay. Other than that agreement, has anyone promised you anything to get you to plead guilty?

A. No.

Q. Has anyone threatened you or coerced you to get you to plead guilty?

A. No.

Appellant's allegations are not reasonable, based on a review of the record before us. The following colloquy occurred during the guilty plea proceedings:

THE COURT: ... I find defendant is aware of the nature of the charges, the range of punishment, and the consequences of his plea. Defendant has knowingly waived his right to a jury trial. I find defendant has voluntarily, willingly and knowingly entered his plea. I understand, for the record at this point, that there is a stipulation between the parties that the defendant be sentenced as a persistent offender; is that your understanding, Mr. Humphrey?

MR. HUMPHREY: That's my understanding, Your Honor.

THE COURT: Mr. Willibey?

MR. WILLIBEY: Yes, Your Honor.

MR. HUMPHREY: This is on the basis that the defendant has two prior convictions from 1987.

THE COURT: Mr. Willibey, is that your understanding of the stipulation?

MR. WILLIBEY: Yes it is, Your Honor.

THE COURT: All right. Then under Count I defendant is sentenced to five years on the Class C felony of burglary in the second degree, and on Count II defendant is sentenced to five years for the Class C felony of stealing, to be concurrent with each other, and by stipulation of the parties the Court finds defendant is a persistent offender.

Movant's claim is that his plea was involuntary because he was misled by his counsel. Such a claim is tested by whether movant's belief was reasonable. *Norris v. State*, 778 S.W.2d 823, 824 (Mo.App.1989). While an individual may proclaim he had a certain belief and may subjectively believe it, if it was unreasonable for him to entertain such a belief at the time of the plea proceeding, relief should not be granted. "... where there is no reasonable basis for the belief in light of the guilty plea record, movant is not entitled to relief." *McMahon v. State*, 569 S.W.2d 753, 758 (Mo. banc 1978).

"Jail time" is not mentioned in the plea hearing transcript, movant acknowledged he had received no other agreement except as contained in the record.

Appellant's Point II is denied.

Movant next alleges that he was not capable of making an informed decision regarding his guilty plea because he had sustained a blow to the head about 1½ hours prior to entering his plea. This claim is clearly refuted by the movant's own statements and admissions at his guilty plea hearing.

During his interrogation by his counsel, movant testified:

(MR. WILLIBEY)

Q. Are you thinking clearly today?

A. Half.

Q. Do you understand what we're doing here?

A. Yeah.

Q. Do you understand you're here for a guilty plea in this case today?

A. Yeah.

Subsequently an "examination by Mr. Humphrey" was conducted:

It ain't no big deal. I'm ready to accept this and get on with it, with the discussion, and so I can go down and do this and get it over with and get on with this, because it seems that this is what's happening. I understand fully what I am taking.

Q. Okay. Did this head thing happen in, over in detention?

A. Yes.

Q. Did you see somebody after it happened?

A. Yes.

Q. Medical people?

A. I'm all right.

Q. They said you're okay?

A. Yes.

Q. You don't dispute that this happened in Jackson County?

A. What, the burglary?

Q. Do you agree it happened in Jackson County?

A. Yes it did.

Q. Okay.

At this juncture the motion court inquired:

THE COURT: How were you hit on the head, what happened?

THE DEFENDANT: I was visiting my wife and the phone broke and they told me to come out and I said hold up, man, I was trying to explain it to them, and then I got in an argument with the guard and they, one guard held my hands and another guard grabbed me by the hair and hit my head on the wall.

THE COURT: This happened how long ago?

THE DEFENDANT: I don't know, about an hour and a half.

THE COURT: It happened this morning?

THE DEFENDANT: Yeah. I'm all right.

THE COURT: I don't see any physical, any visible marks on your head. Is your mind alert now?

THE DEFENDANT: Yes it is, sir.

THE COURT: Do you understand what's happening in court today?

THE DEFENDANT: Yeah.

THE COURT: Are you taking any kind of medication or drugs at this time?

THE DEFENDANT: Nope.

THE COURT: You're alert and clear in your head right now?

THE DEFENDANT: Alert and clear.

THE COURT: You understand where you are right now?

THE DEFENDANT: I'm in Independence courthouse annex building on the square in Independence.

■ The entire guilty plea transcript clearly demonstrates that the movant was in complete control of his faculties and fully aware of the proceedings. Movant's allegation regarding his head injury rendering him incapable of making an informed decision is refuted by the record and no evidentiary hearing is required. *Edgington v. State,* 869 S.W.2d 266, 268 (Mo.App.1994), *Greathouse v. State,* 859 S.W.2d 247, 248 (Mo.App.1993).

Movant's Point III is denied.

In Point IV, movant alleges the sentencing court failed to comply with § 558.021.1(3), RSMo Cum.Supp.1991, when it sentenced him as a "persistent offender" under §§ 558.016.3 and 558.019, RSMo Cum.Supp. 1991. Movant also contends that the court's judgment erroneously indicated that the provisions of § 558.019 applied to his conviction for felony stealing, as § 558.019 applies only to class A and B felonies, and "dangerous felonies," and that felony stealing does not fall within any of these classifications.

Section 558.021.1(3) provides that the court must make "findings of fact that warrant a finding beyond a reasonable doubt by the court that the defendant is a ... persistent offender."

■ The court stated on the record, "by stipulation of the parties the Court finds [the movant] is a persistent offender." The court's written judgment also reflects that movant had been sentenced as a "persistent offender." An oral finding on the record that the defendant is a "persistent offender," and the expression of that finding in its sentence and judgment is sufficient to satisfy the requirements of § 558.021.1(3). *Hight v. State,* 841 S.W.2d 278, 282 (Mo.App.1992).

■ A stipulation by counsel in a criminal case is binding upon both the attorney and his client. *State v. Johnson,* 829 S.W.2d 630, 633 (Mo.App.1992). In the present case, movant admitted his two prior convictions by stipulation, and may not now challenge either the sufficiency of the state's proof or the court's findings. *See Stinson v. State,* 749 S.W.2d 9, 10 (Mo.App.1988). The sentencing court's finding that movant was a "persistent offender" complied with § 558.021.1(3).

The "persistent offender" provisions of § 558.016 apply to all felonies, whereas the provisions of § 558.019 apply only to class A and B felonies, and "dangerous felonies" as defined by § 556.061(8), RSMo 1986. Movant's crime of stealing property with a value of at least $150 is neither a class A or B felony, nor a "dangerous felony." *Johnson v. State,* 854 S.W.2d 539, 541 (Mo.App.1993).

■ The court's sentence and judgment indicates that § 558.019 also applies to his conviction and concurrent five year sentence for stealing property with a value of at least $150, a class C felony, which is not included within the definition of "dangerous felony" contained in § 556.061(8). *Id.* Therefore, we remand this case to the sentencing court to correct the mistaken application of § 558.019 to movant's conviction for stealing property with a value of at least $150.

All concur.