Edward A. WHITE, Jr., Appellant,

v.

STATE of Missouri, Respondent.

No. WD 54004.

Missouri Court of Appeals, Western District.

Dec. 23, 1997.

---

Kent Denzel, Asst. Public Defender, Columbia, for appellant.

Jeremiah W. (Jay) Nixon, Atty. Gen., Breck K. Burgess, Asst. Atty. Gen., Jefferson City, for respondent.

Before SPINDEN, P.J., and LAURA DENVIR STITH and EDWIN H. SMITH, JJ.

LAURA DENVIR STITH, Judge.

Edward White, Jr. pleaded guilty to two counts of first degree robbery in exchange for the State's agreement to drop two additional charges of first degree robbery and four charges of armed criminal action. The State also agreed to recommend concurrent sentences, but made no other promises to Mr. White prior to entry of the plea. The court specifically discussed with Mr. White the rights he was waiving by pleading guilty, his understanding of the plea agreement, the voluntariness of his statement, and whether he was satisfied with his representation by defense counsel. Mr. White also confirmed at the plea hearing that he was aware he could be sentenced to between ten and thirty years or life on each count.

At the sentencing hearing held two months later, defense counsel indicated that Mr. White was on medication for bipolar disorder but that this did not rise to the level of a defense to the charges. Counsel did offer it in mitigation of his client's actions. Counsel also stated in open court that Mr. White would be required to serve 85% of his sentence pursuant to Section 558.019.3. Mr. White had the opportunity to address the court before the judge proceeded with sentencing, but he declined to do so. The judge sentenced Mr. White to two concurrent terms of fifteen years in the Missouri Department of Corrections.

Mr. White subsequently filed a Rule 24.035 motion for post-conviction relief. The court denied the motion without an evidentiary hearing. Mr. White now raises two issues on appeal. First, he alleges that he is entitled to an evidentiary hearing on the question whether his plea was involuntary because he presented evidence that he was under the influence of drugs and possible mental disease or defect at the time of his plea. Second, he alleges counsel was ineffective in telling him that he would have to serve only 40% of his sentence before becoming eligible for parole, whereas in fact he would have to serve 85% of his sentence before becoming eligible for parole.

Appellate review of denial of a Rule 24.035 motion for post-conviction relief is limited to a determination of whether the motion court's findings of fact and conclusions of law were clearly erroneous. Rule 24.035(k); *Leisure v. State,* 828 S.W.2d 872, 873–74 (Mo. banc), *cert. denied,* 506 U.S. 923, 113 S.Ct. 343, 121 L.Ed.2d 259 (1992). Findings and conclusions are clearly erroneous only if, after a review of the entire record, we are left with the definite and firm impression that a mistake has been made. *Leisure,* 828 S.W.2d at 874. By pleading guilty, the defendant waives all errors except those that affect the voluntariness or understanding with which the plea was made. *McNeal v. State,* 910 S.W.2d 767, 769 (Mo.App.1995).

Mr. White first alleges that the trial court erred in denying his motion without an evidentiary hearing because his plea was involuntary in that he was under the influence of drugs and suffered from a mental disease or defect at the time he entered the plea. We disagree. To be entitled to an evidentiary hearing on a Rule 24.035 motion, the motion must allege facts, not conclusions warranting relief, the facts must raise matters not refuted by the record, and the matters complained of must have prejudiced the defendant. *Coates v. State,* 939 S.W.2d 912, 914 (Mo. banc 1997).

Here, Mr. White has not alleged facts entitling him to relief. As the motion court noted, the mere fact that a defendant has ingested drugs does not invalidate the guilty plea unless "the ability of the defendant to understand the proceedings and give free assent are impaired." *Green v. State,* 792 S.W.2d 15, 17 (Mo.App.1990). *See also Cross v. State,* 928 S.W.2d 418, 419 (Mo.App.1996) ("The mere ingestion of drugs is insufficient to render a person incapable of pleading guilty."); *Baird v. State,* 906 S.W.2d 746, 750 (Mo.App.1995) ("The actual presence of some degree of mental illness or need for treatment does not equate with incompetency to stand trial."). Mr. White did not allege that he could not understand the proceedings or communicate with and assist counsel.

In any event, a claim that a mental disease or defect rendered Mr. White unable to understand the proceedings or assist in his defense is refuted by the record. As the motion court noted, the record contains Mr. White's unequivocal statement in his guilty plea petition that he was taking certain prescription drugs but that his mind was clear and the drugs did not affect his understanding of the plea. He also stated that he was not mentally ill. At the sentencing hearing, defense counsel also specifically affirmed that his client had a mental disease but that it did not rise to the level of a defense to the crime. The court also questioned Mr. White in detail at the guilty plea hearing. He explained that he went on a cocaine smoking binge and was high on drugs at the time of the two crimes. But, he still was able to give a clear, detailed, and lucid description of the crimes. The court below did not err in concluding that the record showed that he adequately understood the nature of the proceedings and was not entitled to an evidentiary hearing on this ground. *Wise v. State,* 785 S.W.2d 325 (Mo. App.1990).

Second, Mr. White alleges that his counsel was ineffective in that counsel affirmatively told him that he would only have to serve 40% of his sentence before becoming eligible for parole, whereas in fact he would have to serve 85% of his sentence before becoming eligible for parole. To prevail on a claim of ineffective assistance of counsel, the claimant must show by a preponderance of the evidence that his attorney failed to exercise the customary skill and diligence that a reasonably competent attorney would have exhibited under similar circumstances and that the claimant was thereby prejudiced.

*Strickland v. Washington*, 466 U.S. 668, 687, 104 S.Ct. 2052, 2064, 80 L.Ed.2d 674 (1984); *State v. Storey*, 901 S.W.2d 886, 893 (Mo. banc 1995). When challenging a guilty plea, prejudice is proven by evidence showing a reasonable probability that, but for counsel's errors, the movant would not have pleaded guilty and would have insisted on going to trial. *Hill v. Lockhart*, 474 U.S. 52, 59, 106 S.Ct. 366, 370–71, 88 L.Ed.2d 203 (1985); *State v. Roll*, 942 S.W.2d 370, 375 (Mo. banc 1997).

Mr. White concedes that numerous cases have recognized that counsel only has an obligation to inform his client of the direct consequences of conviction, including the potential length of sentence which may be imposed. Counsel has no obligation to inform his or her client of collateral consequences of the plea of guilty, such as the likelihood of parole within a particular period of time. *State v. Rice*, 887 S.W.2d 425, 427 (Mo.App. 1994); *Spradling v. State*, 865 S.W.2d 806, 811 (Mo.App.1993); *Torrence v. State*, 861 S.W.2d 149, 150 (Mo.App.1993); *Schofield v. State*, 750 S.W.2d 463, 465 (Mo.App.1988).

Mr. White argues, however, that here counsel did not merely make an error in predicting when Mr. White might be paroled. Rather, counsel affirmatively failed to tell him that he must serve a minimum of 85% of his sentence in order to even be eligible for parole. This is a direct and unavoidable consequence of his conviction, and he should have been told about it prior to pleading guilty. The lack of such important information, Mr. White argues, made his plea involuntary.

We disagree. First, his claim that he would not have pleaded guilty if he had known of the minimum time he would have to serve before becoming eligible for probation is refuted by the fact that counsel directly stated at the sentencing hearing that Mr. White would have to serve 85% of his sentence. Yet, when thereafter asked if Mr. White was happy with counsel's representation, he replied that he was happy with his representation. Equally basically, we note that Mr. White has cited no cases holding that counsel is ineffective if counsel fails to inform his client that he must serve a minimum term before becoming eligible for parole. There are, in fact, numerous cases holding just the opposite—that counsel has no such obligation, and that eligibility for parole, like other matters relating to parole, is a collateral matter which does not affect the voluntariness of the plea. *Rice*, 887 S.W.2d at 427; *Spradling*, 865 S.W.2d at 811; *Torrence*, 861 S.W.2d at 150; *Schofield*, 750 S.W.2d at 465.

We further note that Mr. White was aware that he could receive sentences of between ten and thirty years or life on each count, and that these sentences could be imposed consecutively. He was, in fact, sentenced to fifteen years on each count, to be served concurrently. He will be eligible for parole after serving 12.75 years. We note also that he stated unequivocally on the record that he had not been made any promises as to how long his sentences would be. Thus, at the time he made his plea he knew he could receive 30 years on each count, to be served consecutively. If these sentences had been imposed, he would not have been eligible for parole for far more than 12.75 years. Yet, he willingly entered the plea, knowing he might receive such severe sentences. It is not credible to now claim that he would not have entered the plea if he had known he might have received a lesser sentence but would have to serve a larger percentage of it before becoming eligible for parole.

For all of these reasons, the judgment is affirmed.

All concur.