Willie TURNER, III, Appellant,

v.

STATE of Missouri, Respondent.

No. WD 54155.

Missouri Court of Appeals, Western District.

June 9, 1998.

---

Susan L. Hogan, Appellate Defender, Kansas City, for Appellant.

Jeremiah W. (Jay) Nixon, Atty. Gen., Breck K. Burgess, Asst. Atty. Gen., Jefferson City, for Respondent.

Before ELLIS, P.J., and LOWENSTEIN and RIEDERER, JJ.

LOWENSTEIN, Judge.

Willie Turner, pursuant to Rule 24.035, seeks to withdraw his guilty pleas to a first degree robbery charge. Turner pled guilty to robbing a convenience store, holding the manager and an employee at gunpoint, and then shooting the manager in the chest. He was charged with two counts of first degree robbery and two counts of armed criminal action. He entered into a plea agreement where one count of armed criminal action was dismissed, and pled guilty to one count of attempted robbery in the first degree, one count of robbery in the first degree, and one count of armed criminal action. The court sentenced him to concurrent terms of fifteen years, eighteen years, and twenty years, respectively. After an evidentiary hearing, his post-conviction motion was denied.

Appellate review of a trial court's decision in a Rule 24.035 action is limited to a determination of whether the findings and conclusions of the trial court are clearly erroneous. Rule 24.035(k). A trial court's actions are deemed clearly erroneous if a full review of the record leaves the appellate court with a firm impression that a mistake has been made. *State v. Ervin*, 835 S.W.2d 905, 928 (Mo. banc 1992).

On appeal from the denial of his post-conviction motion, Turner argues that the motion court erred in overruling his Rule 24.035 motion because he was denied effective assistance of counsel and due process of law when the plea court failed to ask Turner whether he understood that he was required to serve 85% of his possible sentence, and thus, his guilty plea was not entered knowingly, voluntarily, and intelligently. Specifically, Turner alleges that neither plea counsel nor the court advised him on the record that he would have to serve 85% percent of his first degree robbery sentence, and that if he had known that he would have to serve fifteen years flat time on robbery first, he would have gone ahead and taken his chances at trial.

Turner's argument regarding ineffective assistance of counsel is without merit. In his brief, Turner claims ineffective assistance of counsel in his Point Relied On, but then fails to ever argue, or even address, this point in the brief. Regardless, this court finds that counsel was not deficient. The motion court found that plea counsel was aware of the impact of § 558.019(3) and that counsel informed Turner of the 85% rule in her discussions with him prior to entry of his guilty plea. Both Turner and his mother did admit to hearing plea counsel argue to the plea judge that, "[h]e is going to do 85% on that robbery in the first degree." Credibility of witnesses is for the motion court to decide,

and the motion court was free to believe plea counsel and not believe Turner. *State v. Dunmore,* 822 S.W.2d 509, 512 (Mo.App. 1991). This point is denied.

■ Turner next argues that the requirement of Rule 24.02(b)1, that the court must personally inform the defendant in open court of the mandatory minimum penalty, is applicable to the minimum prison terms required by § 558.019(3). Because Turner pled guilty to one count of armed robbery in the first degree, which constitutes a "dangerous felony" under § 556.061, he was subject to the "minimum prison terms" set out in § 558.019(3), RSMo 1994.

Section 558.019.3 provides, in pertinent part, that "any defendant who has pleaded guilty to or has been found guilty of a dangerous felony ... shall be required to serve a minimum prison term of eighty-five percent of the sentence imposed by the court."

Rule 24.02(b)1 of Missouri's Rules of Criminal Procedure states that, "before accepting a plea of guilty, the court must address the defendant personally in open court, and inform him of, and determine if he understands ... the mandatory minimum penalty provided by law, if any, and the maximum possible penalty provided by law."

The motion court denied Turner's point that the plea judge should have, pursuant to Rule 24.02(b)1, advised Turner of the effect of § 558.019 before accepting the plea. The state argues that § 558.019 only concerns eligibility for parole, and that parole is a collateral consequence that the court is not required to explain to a defendant. In *State v. Rice,* 887 S.W.2d 425, 427 (Mo.App.1994), this court discussed the court's duty to explain parole implications to the defendant.

> The rules are silent about the judge advising appellant concerning application of parole, conditions of parole, length of time to be served before eligibility for parole, etc. Parole is a collateral consequence and the court is not required to explain the implications to defendant. *Spradling v. State,* 865 S.W.2d 806, 811 (Mo.App.1993).
>
> Rule 24.02(b) requires the trial court to inform defendant of various matters including the mandatory minimum penalty

> and maximum possible penalty as provided by law. The appellant was so advised at the guilty plea hearing. Nothing in Rule 24.02 requires furnishing defendant with information concerning parole. Failure of the trial court to advise appellant of factors affecting parole eligibility will not render the guilty plea unintelligent or involuntary. *United States v. Garcia,* 698 F.2d 31 (1st Cir.1983).

*Id.* at 427. In *Rice,* the defendant argued ineffective assistance of counsel based upon his attorney's alleged failure to fully inform him of the implications of § 558.019 prior to entering his guilty plea. *Id.* at 426. In denying the defendant's point, this court found that defendant's plea was voluntary and intelligent, and that the defendant was properly advised of the mandatory minimum penalty at the guilty plea hearing. However, the court in *Rice* never indicated whether or not the defendant was informed of the requirements of § 558.019 at his guilty plea hearing.

Although both sides admit that no one informed Turner on the record that he would be required to serve 85% of his sentence on the first degree robbery count, this court does not believe that Turner's plea was involuntary or unintelligent as a result. According to the record of the plea hearing, Turner was aware of the possible consequences of his plea, and the plea court informed him of the range of punishment within which he would be sentenced. In addition, the motion court found that Turner's attorney had informed him of the effect of pleading guilty to a dangerous felony under § 558.019 prior to the plea hearing. This point is denied.

■ Although this court is unwilling to say that the plea court must inform the defendant of the implications of the 85% rule in § 558.019, it seems that the better practice, given Rule 24.02(b) 1, would be for the plea court to inform the defendant of, or at least determine that the defendant understands, the consequences of his plea of guilty to a "dangerous felony" under § 556.061. At the very least, this would quell appeals, such as this one, where the defendant claims they did not make an informed plea because of § 558.019. Unlike the minimum prison term

requirements for a prior and persistent offender under §§ 558.016 and 558.018, (where a defendant's minimum prison term depends upon a showing that defendant has previously served time), when a defendant pleads guilty to a "dangerous felony" there is no further inquiry required, and the defendant is immediately subject to the 85% rule of § 558.019.

Turner's allegations of ineffective assistance of counsel, or that his plea was involuntary and without knowledge, are ruled against him and the judgment of the motion court is affirmed.

All concur.