**Marlo PRICE, Appellant,**

v.

**STATE of Missouri, Respondent.**

No. 73276.

Missouri Court of Appeals, Eastern District, Division Five.

June 23, 1998.

Motion for Rehearing and/or Transfer to Supreme Court Denied Aug. 26, 1998.

hension, fear, coercion or promises, the defendant should be permitted to withdraw his plea of guilty. *Tillock v. State*, 711 S.W.2d 203, 205 (Mo.App.1986). The defendant's alleged belief that he would be eligible for parole after serving one-third of his sentence is not reasonable. *McNeal v. State*, 910 S.W.2d 767, 769 (Mo.App. 1995)("the test is whether a reasonable basis exists in the record for [the mistaken] belief"). There is nothing in the record supporting this belief, thus, it is not a factual allegation to be considered. *Id.*

Jane Berman, Asst. Sp. Public Defender, St. Louis, for appellant.

Jeremiah W. (Jay) Nixon, Daniel G. Cierpiot, Asst. Atty. Gen., Jefferson City, for respondent.

Before CRAHAN, C.J., RICHARD B. TEITELMAN, J., and CHARLES B. BLACKMAR, Senior Judge.

PER CURIAM.

Marlo Price, Movant, appeals from the judgment denying his Rule 24.035 motion for post-conviction relief without a hearing. We affirm.

On February 18, 1997, Movant pleaded guilty to two counts of first degree robbery in violation of section 569.020, RSMo 1994. The State recommended concurrent sentences of fifteen years of imprisonment. The trial court accepted Movant's guilty plea, but sentenced Movant to two concurrent terms of fourteen years of imprisonment. On April 11, 1997, Movant filed a motion for post-conviction relief pursuant to Rule 24.035. The court appointed counsel to represent Movant and she filed an amended motion. The court denied this motion without a hearing. Movant appeals.

■ Appellate review is limited to determining whether the motion court's findings and conclusions are clearly erroneous. Rule 24.035(k); *State v. Driver*, 912 S.W.2d 52, 54 (Mo. banc 1995). The motion court's findings and conclusions are clearly erroneous if, after reviewing the entire record, we are left with the definite and firm impression that a mistake has been made. *Watt v. State*, 835 S.W.2d 404, 406 (Mo.App. E.D.1992).

■ If the files and records conclusively show Movant is entitled to no relief, then a hearing shall not be held. Rule 24.035(h). To be entitled to a hearing, Movant must: (1) cite facts, not conclusions, which would entitle him to relief; (2) show the factual allegations are not refuted by the record; and (3) prove he was thereby prejudiced. *Tolen v. State*, 934 S.W.2d 639, 641 (Mo.App. E.D. 1996).

■ In Point I, Movant contends the motion court clearly erred in denying without a hearing his claim of ineffective assistance of counsel for failure to investigate and prepare his defense.

■ The motion court did not clearly err in denying Movant's claim. First, Movant failed to make specific allegations of fact, not conclusions, regarding his attorney's failure to investigate. Movant must specifically allege the information his attorney failed to discover, that a reasonable investigation would have revealed it, and how the information would have aided his position. *January v. State*, 908 S.W.2d 169, 170 (Mo.App. E.D. 1995). Movant made only the general allegations of a failure to investigate and failure to prepare for trial. He did not allege any facts about what his attorney should have discovered or how that would have provided a defense for him. These allegations are

merely general conclusions, not specific allegations of fact sufficient to warrant a hearing. *Tolen,* 934 S.W.2d at 641.

Second, Movant fails to show his allegations are not refuted by the record. After a plea of guilty, an allegation of ineffective assistance of counsel is relevant only to the extent it has affected the voluntariness and understanding of the plea. *Daniels v. State,* 927 S.W.2d 512, 513 (Mo.App. E.D.1996). At his guilty plea hearing, Movant testified that he was satisfied with his attorney's services and his attorney did everything Movant wanted. Movant specifically stated his attorney conducted the investigation Movant wanted, there were no witnesses Movant wanted him to contact that he did not contact, and Movant had no defense witnesses for trial. Movant's statements on the record refute his allegations. Point denied.

In Point II, Movant contends the motion court clearly erred in denying his claim that he was never informed by either his attorney or the court that he would have to serve 85 percent of his sentence before being eligible for parole pursuant to section 558.019, RSMo 1994.

We reject Movant's contention. To be valid, a guilty plea must be made voluntarily and intelligently, made with a knowledge of the "relevant circumstances and likely consequences." *Brady v. United States,* 397 U.S. 742, 748, 90 S.Ct. 1463, 1469, 25 L.Ed.2d 747 (1970). However, a defendant only needs to be aware of the direct consequences of his plea. Neither the trial court nor trial counsel are under an affirmative obligation to inform a defendant of all possible collateral consequences of a guilty plea. *Reece v. State,* 852 S.W.2d 877, 878 (Mo.App. S.D.1993); *State v. Abernathy,* 764 S.W.2d 514, 515–16 (Mo.App. S.D.1989). Failure of an attorney to inform his or her client of collateral consequences of a guilty plea does not render counsel's assistance so objectively unreasonable as to rise to the level of constitutionally ineffective assistance. *State v. Hasnan,* 806 S.W.2d 54, 55–56 (Mo. App. W.D.1991); *Abernathy,* 764 S.W.2d at 516.

The collateral consequences of a guilty plea include the likelihood of parole within a certain time. *White v. State,* 957 S.W.2d 805, 808 (Mo.App. W.D.1997); *State v. Rice,* 887 S.W.2d 425, 427 (Mo.App. W.D. 1994). As a collateral consequence, the trial court is under no affirmative obligation to inform a defendant of it. *Rice,* 887 S.W.2d at 427; *Spradling v. State,* 865 S.W.2d 806, 811 (Mo.App. S.D.1993).

Movant argues that the reasoning in *Rice,* 887 S.W.2d at 425, is incorrect and asks this Court to reject it. We decline Movant's invitation. The reasoning of the Western District is sound. Furthermore, in the recent decision of this court, *Sadler v. State,* 965 S.W.2d 389, 391 (Mo.App. E.D.1998), we also found parole to be a collateral consequence of a guilty plea because no prisoner is entitled to parole as a matter of right. In addition, the Constitution does not require a defendant be provided with information concerning parole eligibility in order for the defendant's plea to be voluntary. *Hill v. Lockhart,* 474 U.S. 52, 56, 106 S.Ct. 366, 369, 88 L.Ed.2d 203 (1985). Under the circumstances presented, neither the court nor trial counsel had an affirmative duty to inform Movant of the parole consequences of his guilty plea.

Movant also argues that the 85 percent requirement of section 558.019 is the "mandatory minimum penalty" about which the trial court must instruct pursuant to Rule 24.02(b). However, the word "penalty" refers only to the statutory nominal sentence determined from the face of the statute defining the offense as charged in the information. *Spradling,* 865 S.W.2d at 811; *Wright v. State,* 743 S.W.2d 571, 577 (Mo.App. S.D. 1987). Therefore, the term "mandatory minimum penalty" as used in Rule 24.02 does not include the parole eligibility requirements of section 558.019. The minimum penalty, or sentence, Movant could have received from the trial court was ten years. *See,* section 558.011, RSMo 1994. The trial court properly instructed Movant on this mandatory minimum penalty. Rule 24.02(b) does not require more.

The judgment is affirmed.