HANNA, Judge.
Prett Rollins was charged with one count of murder in the second degree, § 565.021, RSMo 1994, by information in the circuit court of Jackson County. On January 12, 1996, he pleaded guilty to the charge and on March 7, 1996, was sentenced to 20 years imprisonment. His Rule 24.035 motion was denied without an evidentiary hearing. On appeal, movant claims his plea was not knowingly made because his attorney was ineffective in that he failed to inform him of the requirement that he would have to serve 85 percent of the sentence imposed.
The guilty plea hearing commenced with the court’s cautionary remarks to Rollins about the importance that movant understand the matters discussed at the plea hearing. The court received his assurance that he would ask if he did not understand anything about the plea, or its consequences.
Rollins testified that he killed the victim, Kenneth Revels, on September 20, 1994, in midtown Kansas City, because he thought that the victim was “pestering him.” He testified that he punched the victim, which caused the victim to fall to the ground. He then hit and kicked him several times. The movant understood that his actions were causing serious physical injury and, having read the coroner’s report, he realized that the injuries he inflicted caused the victim’s death.
There was no plea agreement. The record reveals that inquiry of movant was made about his understanding of his constitutional rights. His attorney reviewed his right to a jury trial, to confront and examine his accusers, privilege against self-incrimination, right to counsel, the presumption of innocence, and the right “to have process to compel the attendance of witnesses on his behalf.”[1] He also testified that he understood his rights concerning self-defense and mental disease or defect. The defendant testified he understood these rights and that he wished to waive them.
The movant graduated from high school, and could read, write, and understand English. He testified that he was able to assist in his defense, that he discussed his case at length with his attorneys and had his attorneys’ legal files available to him throughout the entire process. He also expressed satisfaction with the performance of his two attorneys, who provided separate, but continuous, representation from the time he was charged to his plea. He was aware that the range of punishment for murder in the second degree was 10 to 30 years, or life imprisonment. The parties stipulated that the two mental examinations of the movant found him competent to proceed at trial, and that, at the time of the murder, he understood the difference between right and wrong. The defendant’s sentencing was postponed for a pre-sentence investigation report.
On the day of his sentencing, Rollins filed a motion requesting to withdraw his guilty plea, contending that he believed that he was merely waiving his right to a jury trial. After a hearing, the court denied the motion and proceeded with the sentencing, which included considerable evidence from the victim’s family and the defendant. The court sentenced Rollins to a term of 20 years imprisonment on March 7, 1996. On May 30, Rollins filed his Rule 24.035 motion, which was amended by his post-conviction counsel on August 30. On April 17,1997, the motion court issued findings of fact, conclusions of law, and denied relief without an evidentiary hearing.
*595 Our review of a motion court’s decision regarding a Rule 24.035 proceeding, is limited to a determination of whether its findings of fact and conclusions of law are “clearly erroneous.” Rule 24.035(j) & (k); Gillespie v. State, 785 S.W.2d 725, 726 (Mo. App.1990). Such determinations are clearly erroneous only if, after a review of the entire record, we are left with a definite and firm impression that a mistake has been made. State v. Vinson, 800 S.W.2d 444, 447 (Mo. banc 1990); McPherson v. State, 818 S.W.2d 708, 709 (Mo.App.1991). “By pleading guilty, the defendant waives all errors except those that affect the voluntariness or understanding with which the plea was made.” White v. State, 957 S.W.2d 805, 807 (Mo.App.1997)(citing McNeal v. State, 910 S.W.2d 767, 769 (Mo.App.1995)).
If the motion court determines that the files and record of the case “conclusively show that the movant is entitled to no relief, a hearing shall not be held.” Rule 24.035(h). In order to be entitled to an evidentiary hearing on a Rule 24.035 motion, the movant must satisfy a three prong test: (1) he must allege facts not conclusions which, if true, would warrant relief; (2) the facts must not be refuted by the record; and (3) the matters complained of must have resulted in prejudice to the movant. White, 957 S.W.2d at 807.
To prove ineffective assistance of counsel, “the claimant must show by a preponderance of the evidence that his attorney failed to exercise the customary skill and diligence that a reasonably competent attorney would have exhibited under similar circumstances and that the claimant was thereby prejudiced.” Id. Prejudice is proven by evidence showing a reasonable probability that, but for counsel’s errors, the claimant would not have plead guilty. Id. at 808.
Rollins argues that his plea counsel failed to inform him that the law requires him to serve a mandatory minimum term of 85 percent of the sentence imposed. He maintains that if he had known of the 85 percent mandatory term requirement, rather than plead guilty, he would have proceeded to trial. We conclude that Rollins is not entitled to relief.
Section 558.019, RSMo 1996, provides that a defendant convicted of murder in the second degree (one of seven dangerous felonies) is required to serve 85 percent of the sentence before being eligible for parole. Id. Rollins acknowledges that Missouri courts have repeatedly held that counsel is not obligated to inform his client of all collateral consequences of a guilty plea, including imparting information concerning parole. State v. Rice, 887 S.W.2d 425, 427, (Mo.App.1994); Spradling v. State, 865 S.W.2d 806, 811 (Mo. App.1993); Huffman v. State, 703 S.W.2d 566, 568 (Mo.App.1986); McIntosh v. State, 627 S.W.2d 652, 655-56 (Mo.App.1981). However, the defendant must be informed of the direct consequences of his guilty plea. He argues that serving 85 percent of a sentence is a “direct” consequence of his guilty plea.
In support of the proposition that direct consequences need to be disclosed by plea counsel, the defendant refers us to Hampton v. State, in which the court held that if counsel or the court does not inform the defendant of the significance of being a prior and persistent offender before the accepting a guilty plea—a direct consequence of the plea—then it is not freely, voluntarily and intelligently entered. 877 S.W.2d 250, 252 (Mo.App.1994). However, the facts in Hampton differ from the case before us. It was clear from the trial court record that the defendant in Hampton did not understand what was taking place. When the prosecutor told the court that it was necessary to discuss Hampton’s “class X status,” the defendant spoke up and explained that he did not understand what a class X offender was. The court then instructed Hampton’s attorney to explain the class X statute to his client during the recess. After a return to the record, there “was no follow up ... that this was explained to [Hampton] and that he understood.” Id. The court remanded to allow the movant an evidentiary hearing but limited its holding to this “unique case.” Id.
Direct consequences are defined as “those which definitely, immediately and largely automatically follow the entry of a plea of guilty.” State v. Hasnan, 806 S.W.2d *596 54, 56 (Mo.App.1991)(quoting Huffman v. State , 703 S.W.2d 566, 568 (Mo.App.1986)). Missouri case law has consistently held that parole matters are collateral consequences of guilty pleas.
Recently, in White v. State, this court rejected a claim of ineffective assistance of counsel for failure to inform the defendant that he would have to serve 85 percent of his sentence. 957 S.W.2d 805, 808 (Mo.App.1997). The facts are similar. White alleged that his plea counsel affirmatively told him that he would only have to serve 40 percent of his sentence when, in fact, he would be required to serve 85 percent pursuant to § 558.019, RSMo 1996. Id. at 806.[2] This court held that counsel has no obligation to inform the defendant of matters relating to parole, including eligibility for parole, as such matters are collateral “which [do] not affect the voluntariness of the plea.” Id. at 808. See also Spradling v. State, 865 S.W.2d 806, 811 (Mo.App.l993)(ruling that “[p]arole is a collateral consequence and the court is not required to explain the parole implications to defendant”); Torrence v. State, 861 S.W.2d 149, 150 (Mo.App.1993)(finding that failure to advise movant on his parole eligibility does not automatically undermine the voluntariness of the guilty plea).
Rule 24.02(b) requires the court to determine that the defendant understands, among other matters, the mandatory minimum and maximum penalty provided by law. The record reflects that Rollins understood that he could receive a sentence of 10 years to a maximum of 30 years or life imprisonment. The motion court did not err in determining that the record demonstrated that the mov-ant was not entitled to relief because the movant did not allege facts which would warrant relief.[3] Point denied.
The movant raises six additional points on appeal. .He contends that his attorney was ineffective in that he failed to investigate the case before advising him to plead guilty, and failed to rebut the victim impact evidence; that the state failed to gather and disclose to the defendant exculpatory evidence that the victim had used cocaine; and that a factual basis for murder in the second degree was not established. Finally, he argues that the cumulative effect of the errors rendered his plea involuntary. An extended discussion of these points of law would not be of any precedential value. The points are denied pursuant to Rule 30.25(b).
The judgment of the motion court denying the movant’s Rule 24.035 motion without an evidentiary hearing is affirmed.
LAURA DENVIR STITH, P.J., and SMART, J., concur.

. Art. I, sect. 18(a) Mo. Const.; State v. Shafer, 969 S.W.2d 719, 731-32 (Mo. banc 1998).

. In White, as in this case, the court noted that during the sentencing hearing reference was made to the requirement that the defendant would have to serve 85 percent of any sentence imposed. 957 S.W.2d at 807.

. As an adjunct argument to this point, the defendant claims that his due process rights were violated by his alleged mistaken belief that he would only have to serve one-third of his imprisonment before becoming eligible for parole. In support of this, the defendant refers us to the proposition that when the accused has been induced to plea guilty by fraud, mistake, misapprehension, fear, coercion or promises, the defendant should be permitted to withdraw his plea of guilty. Tillock v. State, 711 S.W.2d 203, 205 (Mo.App.1986). The defendant's alleged belief that he would be eligible for parole after serving one-third of his sentence is not reasonable. McNeal v. State, 910 S.W.2d 767, 769 (Mo.App.1995)("the test is whether a reasonable basis exists in the record for [the mistaken] belief”). There is nothing in the record supporting this belief, thus, it is not a factual allegation to be considered. Id.