**Marcus WESLEY, Appellant,**

v.

**STATE of Missouri, Respondent.**

No. 54915.

Missouri Court of Appeals,
Eastern District,
Division One.

March 14, 1989.

Mary C. McWilliams, Holly G. Simons, Asst. Public Defenders, St. Louis, for appellant.

William L. Webster, Atty. Gen., John M. Morris, Asst. Atty. Gen., Jefferson City, for respondent.

CRIST, Judge.

Movant appeals the denial of his Rule 27.26 motion after an evidentiary hearing. We affirm.

Movant pled guilty to charges of attempted rape, kidnapping and assault in the first degree. At that time he was sixteen years old. Movant was sentenced to ten years' imprisonment on each count, with the terms for the kidnapping and assault convictions to run concurrently, and the term for the attempted rape to run consecutively to the first two terms, all for a total of twenty years.

Movant asserts his counsel who represented him prior to and at the plea hearings was ineffective. Movant contends he was misinformed of available defenses, thus his plea of guilty was involuntary. He also contends his young age and low intellectual ability precluded him from making a knowing and intelligent plea of guilty.

■ Movant's Rule 27.26 motion does not raise the issue of his mental incapacity. However, evidence of movant's I.Q. and difficulties with school were introduced without objection from the State. Thus, the issue was tried by the implied consent of the parties, and the motion will be treat-

ed as amended to conform to the evidence. *Laws v. State,* 708 S.W.2d 182, 184[1] (Mo. App.1986).

■ Upon review, we find movant was competent to plead guilty. The motion court found movant's plea was voluntarily and intelligently made. The review of the record shows movant discussed the case several times with counsel prior to the plea hearing. The plea hearing record demonstrates movant understood his plea and its consequences. Movant had sufficient ability to consult with his lawyer with a reasonable degree of rational understanding and he had a rational and factual understanding of the proceedings against him. *Shelley v. State,* 655 S.W.2d 126, 128[5, 6] (Mo.App.1983).

Movant's contention that his counsel was ineffective must also fail. Movant contends he was misinformed of the evidence available in his defense by counsel. Movant alleges this misinformation was partly the result of counsel's failure to interview witnesses who were with movant the night of the crime prior to its commission.

■ After a plea of guilty, effectiveness of counsel is relevant only if it affects the voluntariness of the plea. *Perkins v. State,* 750 S.W.2d 594, 596[4] (Mo.App. 1988). Movant must show there is a reasonable probability that, but for counsel's alleged errors, he would not have pled guilty and would have insisted on going to trial. *Id.* [5]. "Where the alleged error of counsel is a failure to investigate or discover potentially exculpatory evidence, the determination whether the error 'prejudiced' the defendant by causing him to plead guilty rather than go to trial will depend on the likelihood that discovery of the evidence would have led counsel to change his recommendation of the plea." *Kline v. State,* 704 S.W.2d 721, 722–723[3], quoting *Hill v. Lockhart,* 474 U.S. 52, 58, 106 S.Ct. 366, 370, 88 L.Ed.2d 203 (1985).

Movant contends the testimony of his friends and his parents would, in total, cast sufficient doubt on the State's case to have acquitted movant. However, movant admits in his brief, and the record clearly

shows, that none of the witnesses could have provided him with an absolute alibi. Counsel's interviewing movant's friends would not have uncovered exculpatory evidence.

Movant's counsel testified extensively by deposition at the Rule 27.26 hearing as to her consultations with movant prior to his guilty plea. Counsel had informed movant of the evidence the State had and of the victim's apparent willingness to testify against movant. Counsel advised movant the case against him was strong. Movant was arrested at the scene of the crime standing over the victim, and there was evidence of blood on movant's clothes. Counsel was aware of movant's friend's and parent's willingness to testify if the case went to trial, but realized they could not provide alibis. Counsel correctly advised movant of the possible defenses, but believed movant would be found guilty if the case went to trial. Movant then chose to plead guilty.

The record reveals counsel advised movant of the case against him and did not mislead him as to the evidence against him. The State's case against movant was strong, and movant's potential witnesses would not have aided his defense. We can find no omission that, if known by movant, would create a reasonable probability that he would have changed his plea.

JUDGMENT AFFIRMED.

CRANDALL, P.J., and REINHARD, J., concur.