Cliff TORRENCE, Appellant,

v.

STATE of Missouri, Respondent.

No. 63040.

Missouri Court of Appeals,
Eastern District,
Division Seven.

Aug. 10, 1993.

Motion for Rehearing and/or Transfer to
Supreme Court Denied Sept. 16, 1993.

Jeff Skoglund, St. Louis, for appellant.

Jeremiah W. (Jay) Nixon, Atty. Gen., Rudolph R. Rhodes, IV, Asst. Atty. Gen., Jefferson City, for respondent.

KAROHL, Judge.

Movant, Cliff Torrence, pursuant to a plea bargain, pled guilty to distributing a controlled substance within 1,000 feet of a private elementary school in violation of § 195.-214 RSMo Cum.Supp.1990. He appeals from a denial of his Rule 24.035 motion for post-conviction relief without an evidentiary hearing. We affirm.

On October 31, 1991, movant sold .18 grams of cocaine to an undercover detective. This sale occurred within 1,000 feet of St. Louis Academy, a private elementary and secondary school. Movant signed a written confession. On March 31, 1992, he entered a guilty plea. The range of punishment for a

Class A felony is 10 to 30 years or life. Pursuant to the plea bargain, the state agreed to waive proof movant was a persistent offender under § 558.019 RSMo 1986. This relieved movant of a requirement that movant serve sixty percent of his sentence. On May 1, 1992, the court sentenced movant to fifteen years in the Missouri Department of Corrections.

Movant timely filed a *pro se* motion under Rule 24.035 for post-conviction relief. Appointed counsel filed a timely amended motion. The motion court issued findings of fact and conclusions of law. It denied movant's Rule 24.035 motion for post-conviction relief without an evidentiary hearing.

Movant presents one point on appeal that contains two subpoints. He argues the motion court erred in:

denying without an evidentiary hearing appellant's post-conviction claim that his guilty plea was unknowing and involuntary, in that it resulted from his counsel's failure to correctly inform appellant as to when appellant would be eligible for parole and as to the minimum sentence appellant could receive for the charge against him.

Appellate review of a Rule 24.035 proceeding is limited to a determination of whether the motion court's findings of facts, conclusions of law and judgment are clearly erroneous. Rule 24.035(j); *Short v. State*, 771 S.W.2d 859, 863 (Mo.App.1989). Unless a review of the entire record leaves this court with the definite and firm impression that a mistake has been made, the motion court's findings, conclusions and judgment are not clearly erroneous. *Id.* No evidentiary hearing is required if the motion, files and records in the case conclusively show that movant is not entitled to relief. Rule 24.035(g); *Short*, 771 S.W.2d at 863.

Ineffective assistance of counsel is only material to the extent it bore upon the voluntariness of the plea. *Blanchette v. State*, 753 S.W.2d 322, 324 (Mo.App.1988). To prevail on a claim of ineffective assistance of counsel, appellant must show there is a reasonable probability that, but for counsel's unprofessional errors, appellant would not have pled guilty and would have insisted on going to trial. *Wesley v. State*, 766 S.W.2d 479, 480 (Mo.App.1989).

First, movant argues his guilty plea was involuntary because it resulted from plea counsel's failure to correctly inform him when he would be eligible for parole. This argument fails for several reasons.

When a movant claims his plea was involuntary because he was misled by counsel, the test is whether movant's belief was reasonable. *Holt v. State*, 811 S.W.2d 827, 828 (Mo.App.1991).

We agree with the motion court's finding that movant's belief he would be released in three to five years is "an unreasonable belief on his part, and insufficient to make his plea involuntary." Counsel allegedly told movant he would be "eligible for parole" within a certain time. The motion court found:

this statement if made, does not flatly state how much time Movant would serve, as there is never any guarantee a defendant will make parole the first time he becomes eligible. The pre-sentence investigation ordered by this court is contained in the court file. It states that defendant had four prior convictions and served two years in the Department of Corrections. It states that Movant has had a prior probation revoked, and that he was released on parole supervision by the Department of Corrections in May, 1985. Movant then, was no novice as to the criminal justice system.

We adopt these observations and find movant's belief was unreasonable. The defendant has no right to parole and may never receive parole. That decision is not made by a court.

Second, "an inaccurate prediction of sentence by defendant's counsel does not by itself vitiate a guilty plea." *Blanchette*, 753 S.W.2d at 324. Therefore, even if counsel incorrectly advised movant on his parole eligibility, such advice does not automatically undermine the voluntariness of the guilty plea.

Finally, movant benefitted from the guilty plea on the length of sentence issue. The result was not prejudicial. Pursuant to the

plea bargain, the state agreed not to prove movant was a persistent offender under § 588.019 RSMo 1986. In the event of a trial the court would have determined the sentence, not the jury. The ordinarily simple proof of priors would have required movant to serve sixty percent of a court-determined sentence. The sentence now complained of made movant be eligible for parole sooner than if he were sentenced as a prior offender. Moreover, it is not likely movant was prejudiced where he did not give up a right to jury assessment of punishment by accepting the plea bargain. As a prior offender a jury would not decide punishment. Hence, he did not give up the possibility of a jury being lenient.

■ In his second subpoint, movant argues his guilty plea was involuntary because it resulted from plea counsel's failure to correctly inform him of the minimum sentence he could receive for the charge against him. The record clearly refutes this argument.

At the plea hearing, the following took place:

Q: You understand that in pleading guilty you're admitting that you're guilty and the Court may pronounce a sentence of imprisonment against you?

A: [Appellant] Yes, your Honor.

Q: He's [Guilty plea counsel] also informed you of the range of punishment the legislature has set out for this particular offense; is that correct?

A: Yes, your Honor.

THE COURT: All right. Now, [prosecuting attorney], why don't you state the range of punishment into the record for the offense. The plea bargain entails we make no finding under 558.019, but for purposes of this you can state the minimum terms that if he went to trial in front of a jury the State would have intended to prove up, and how that changes things. In other words, give it to us both ways. Go ahead.

[Prosecuting attorney]: Judge, the range of punishment under the statute for a Class A felony is from ten years to thirty years or life. Had this case gone to trial, the State would have proved beyond a reasonable doubt that the defendant had two prior convictions and had spent at least a hundred twenty days in the Missouri Department of Corrections. Therefore, we would have asked pursuant to the statute that you stated that the defendant spend at least sixty percent minimum term of the twelve-year recommendation.

THE COURT: The statute is 558.019, and it enumerates certain felonies and then it says other dangerous felonies, and you have to turn to another statute and that lists burglary as a dangerous felony. I think you and I were in agreement of that, weren't we, [Guilty Plea Counsel], as far as that being a correct statement of the law?

[Guilty plea counsel]: Yes, sir, your Honor.

Q: (By the Court) Now, that's what the range is for the offense and what the minimum term would have been had you gone to trial in front of a jury and they proved that up. You understand that?

A: Yes, sir.

Q: That latter part is not in here because she's not going to prove it up because that's part of the plea bargain. Okay? You understand that?

A: Yes, sir.

Later in the hearing, the judge proceeded as follows:

Q: The prosecutor recited the punishment range, the part about the minimum term provisions had that been proved up and we went to trial, and she also recited the facts of the case. And you heard and understood everything she said about that; correct?

A: Yes, your Honor.

The record clearly indicates movant was well aware of the minimum sentence he could receive for his violation of § 195.214 RSMo Cum.Supp.1990. We agree with the finding of the motion court that "the entire transcript of the plea shows abundantly that it [the plea] was totally and completely voluntary." Movant's second subpoint of his point on appeal is without merit.

Judgment affirmed.

PUDLOWSKI and CRANDALL, JJ., concur.