**Reginald DARRIS, Appellant,**

v.

**STATE of Missouri, Respondent.**

No. 65729.

Missouri Court of Appeals,
Eastern District,
Division Four.

Feb. 28, 1995.

Motion for Rehearing and/or Transfer to Supreme Court Denied April 3, 1995.

Application to Transfer Denied
May 30, 1995.

Dave Hemingway, Asst. Public Defender, St. Louis, for appellant.

Jeremiah W. (Jay) Nixon, Atty. Gen., Mary Moulton Bryan, Asst. Atty. Gen., Jefferson City, for respondent.

KAROHL, Judge.

Movant, Reginald Darris, appeals the denial after an evidentiary hearing of his Rule 24.035 motion. We affirm.

The facts are as follows: On January 9, 1992, movant was charged as a prior and persistent offender with one count of receiving stolen property valued at $150 or more, a class C felony, in violation of § 570.080 RSMo1986. The state filed an indictment in an unrelated case on June 9, 1992, charging defendant as a prior and persistent offender, with one count of criminal manufacture of an explosive weapon, a class C felony, in violation of § 571.020 RSMo1986, and one count of negligent exploding, a class B misdemeanor, in violation of § 569.065 RSMo1986.

The charge of receiving stolen property was tried before a jury on June 24 and 25, 1992. The jury returned a verdict of guilty. However, on October 29, 1992, the court granted defendant's motion for a new trial. Movant then agreed to plead guilty pursuant to a plea agreement to all three charges pending against him.

At the first guilty plea hearing, movant acknowledged he was pleading guilty as a prior and persistent offender and would be sentenced accordingly. The prosecutor outlined proof of prior and persistent allegations. The plea court asked if he understood "that [he was] being pled ... as a prior and persistent offender. ..." His answer was, "Sure." The court sentenced defendant to 10 years imprisonment for receiving stolen property, 10 years for criminal manufacture of an explosive weapon, and six months for negligent exploding, to be served concurrently. The written sentence and judgment correctly reflected the terms of years imposed but was silent about defendant's designation as a prior and persistent offender under § 558.016 RSMo1990. The Department of Corrections at Fulton refused to accept defendant, because the 10-year sentences exceeded the statutory maximum penalty for a class C felony, such as receiving stolen property and criminal manufacture of an explosive weapon, without enhancement.

To correct the inconsistent sentencing, defendant Darris, on June 7, 1992, filed a motion to correct sentence. He alleged in the motion, "Defendant was pled as a prior and persistent offender but the sentencing order does not reflect the same." He prayed for a correction "to reflect defendant's status as a prior and persistent offender and also that no minimum term shall be required on this defendant." On June 15, 1993, defendant again pleaded guilty to all three charges. The court announced defendant was charged in cause number 921–01490 as a prior and persistent offender with criminal manufacture of an explosive weapon and negligent exploding. Defense counsel stated defendant had authorized him to withdraw his prior pleas of not guilty and would plead guilty as charged in exchange for the state's agreements to recommend a 10–year sentence to run concur-

rently with defendant's other sentence and to not seek a sentence requiring defendant to serve a minimum term of imprisonment.

The court then announced defendant was charged in cause number 911–02781 with receiving stolen property valued at $150 or more. Defense counsel again stated defendant had authorized him to withdraw his prior plea of not guilty and would plead guilty in exchange for the state's agreements to recommend a 10–year sentence and to not seek a sentence requiring defendant to serve a minimum term of imprisonment.

After sentencing, defendant filed *pro se* and amended motions for postconviction relief pursuant to Rule 24.035. These were denied after an evidentiary hearing. This appeal ensued.

In his first point, movant claims the motion court clearly erred in denying his 24.035 motion in which he asserted counsel was ineffective. Specifically, movant claims his counsel rendered his plea involuntary by failing to tell him that he was to be sentenced as a prior and persistent offender. In addition, defendant states his plea was not voluntary because he did not agree to serve a minimum term before becoming eligible for parole.

■ We review in accordance with Rule 24.035(j). *Wilson v. State,* 813 S.W.2d 833, 835 (Mo. banc 1991). In addition, in a claim for ineffective assistance of counsel, movant must show (1) counsel's representation fell below an objective standard of reasonableness and (2) but for counsel's errors, the result of the proceeding would have been different. *Strickland v. Washington,* 466 U.S. 668, 689, 104 S.Ct. 2052, 2065, 80 L.Ed.2d 674 (1984). This test has been applied to cases in which defendant pleaded guilty. *Spradling v. State,* 865 S.W.2d 806, 810 (Mo.App.S.D.1993). The effectiveness of counsel in that situation is relevant only to the extent it affects the voluntariness of the plea. *Hagan v. State,* 836 S.W.2d 459, 463 (Mo. banc 1992). When a postconviction movant claims to have suffered from a mistaken belief about his sentencing, the appel-

late court looks at the record of the plea to determine whether the belief is reasonable. *McCall v. State,* 771 S.W.2d 357, 359 (Mo. App.1989).

■ The information filed in cause number 911–02781 and the indictment filed in cause number 921–01490 both charge defendant as a prior and persistent offender under § 558.016 RSMo1990. At the guilty plea hearing on May 17, 1993, defendant acknowledged his plea was as a prior and persistent offender. His own motion to correct sentence alleged the same facts to be true. In addition, at the guilty plea hearing on June 15, 1993, defendant concurred with his counsel's statement he was prepared to enter guilty pleas "as charged." Defendant assured the court he had no complaints about his counsel's representation. In light of these record facts, the trial court's finding of fact that defendant's plea was informed and voluntary as a plea of guilty on three charges as a prior and persistent offender was not erroneous; it was admitted by movant.

■ Furthermore, we find movant's argument that his plea was not voluntary, because he did not agree to serve a minimum term before becoming eligible for parole, is wholly without merit. The record clearly shows that movant's sentence does not require him to serve a minimum term of imprisonment before he will be eligible for parole. The sentence and judgment on class C felonies accurately reflect the sentences imposed under the terms of the plea agreement. It was agreed the court would not designate a minimum term. It did not. And § 558.019 RSMo Cum.Supp.1993 did not apply to class C felonies.[1] Designation as a prior and persistent offender for purposes of extending the term does not automatically require him to serve a minimum term of imprisonment for other than specific A and B felonies. Section 558.019 RSMo Cum.Supp. 1993. Defendant's first point denied.

■ In his second point, defendant claims the motion court clearly erred by not issuing specific findings of fact and conclu-

---

1. This section was amended in 1994. It now addresses "all classes of felonies" with some designated exceptions.

sions of law regarding his claim that his guilty plea was involuntary and unknowing because of his counsel's erroneous prediction that he would be released from incarceration within two years. Rule 24.035(i) provides that the motion court shall issue findings of fact and conclusions of law on all issues presented in a Rule 24.035 motion. Generalized findings and conclusions are adequate if they are sufficient to provide meaningful review on appeal. *Recklein v. State*, 813 S.W.2d 67, 69 (Mo.App.1991).

Here, the motion court made the following findings and conclusions:

> Movant has the burden to establish by a preponderance of the evidence the basis on which he seeks to obtain relief. This Court has considered each allegation set forth in movant's Rule 24.035 Motion and finds that movant has failed to allege or to establish facts which, it [sic] true, would entitle him to relief.

The only evidence in support of defendant's claim that counsel erroneously told him that he would be released within two years is defendant's own testimony about "bond time" being credited toward his term. The court specifically told him that "bond time" could not be credited toward his term of incarceration. Defendant did not protest at that time that his counsel's prediction of credit for the time he was on bond was a factor in his decision to plead guilty. Rather, he told the court he pleaded guilty because he was guilty and he was satisfied with counsel's services. Point denied.

Affirmed.

AHRENS, P.J., and SIMON, J., concur.