Richard B. JONES, Appellant,

v.

STATE of Missouri, Respondent.

No. 21677.

Missouri Court of Appeals,
Southern District,
Division One.

March 30, 1998.

Kent Denzel, Asst. Public Defender, Columbia, for Appellant.

Jeremiah W. (Jay) Nixon, Atty. Gen., Daniel W. Follett, Asst. Atty. Gen., Jefferson City, for Respondent.

GARRISON, Presiding Judge.

Richard Jones ("Movant") appeals the denial of his Rule 24.035[1] motion after an evidentiary hearing. We conclude that the motion court was not clearly erroneous in denying the motion, and affirm.

Movant was charged with unlawful use of a weapon, § 571.030.1(4), RSMo Supp.1995, assault of a law enforcement officer in the second degree, § 565.082.1(1), and armed criminal action, § 571.015, in an indictment issued by a Greene County grand jury. The charges arose from an incident that occurred on April 14, 1996, when Movant appeared in the parking lot of his apartment with a shotgun and threatened to shoot people who were standing in the vicinity. The police were called, but when they arrived, Movant had retreated to his apartment. The police eventually shot tear gas into the apartment after repeated unsuccessful attempts to persuade Movant to come out. During the standoff, which lasted several hours, Movant threatened to shoot the officers if they attempted to enter the apartment. He eventually fired the shotgun two or more times, and pellets struck a police car near where one of the officers was positioned. When the officers later stormed the apartment, they found Movant under a mattress, apparently overcome by alcohol and the effects of the tear gas. When he was taken to police headquarters, he said, " I really f——ed up. I shot at some cops."

---

1. All statutory references are to RSMo 1994, and all rule references are to Missouri Rules of Criminal Procedure (1997) unless otherwise indicated.

Movant pled guilty to the charges of assault and unlawful use of a weapon, pursuant to a plea agreement, and was sentenced to the concurrent sentences of ten years and five years, respectively. The armed criminal action charge was dismissed.

Movant then filed a *pro se* Rule 24.035 motion seeking post-conviction relief, which was later amended by appointed counsel. The motion court denied those motions after an evidentiary hearing. On this appeal, Movant contends that he received ineffective assistance of counsel in connection with his pleas. We affirm.

■ Review of the motion court's denial of post-conviction relief is limited to a determination of whether its findings, conclusions, and judgment are clearly erroneous. Rule 24.035(k); *Wilson v. State*, 813 S.W.2d 833, 835 (Mo.banc 1991). The findings of the motion court are presumptively correct, and are deemed clearly erroneous only if, after reviewing the entire record, the court is left with the definite and firm impression that a mistake has been made. *Id.*

■ Movant has the burden of proving grounds for relief by a preponderance of the evidence. Rule 24.035(i). After a guilty plea, a claim of ineffective assistance of counsel is immaterial except to the extent that it impinges upon the voluntariness and knowledge with which the guilty plea was made. *Hagan v. State*, 836 S.W.2d 459, 463 (Mo. banc 1992). Counsel is presumed to be competent. *State v. Taylor*, 929 S.W.2d 209, 224 (Mo.banc 1996), cert. denied, — U.S. —, 117 S.Ct. 1088, 137 L.Ed.2d 222 (1997). To establish ineffective assistance of counsel, a movant must establish that his counsel failed to exercise the customary skill and diligence that a reasonably competent attorney would exercise under similar circumstances, and that he was thereby prejudiced. *Strickland v. Washington*, 466 U.S. 668, 687, 104 S.Ct. 2052, 2064, 80 L.Ed.2d 674, 693 (1984). To satisfy the prejudice prong of the test, a movant must show that there is a reasonable probability that, but for the errors of his counsel, he would not have pled guilty and would have insisted on going to trial. *Daniels v. State*, 927 S.W.2d 512, 514 (Mo.App. E.D.1996).

■ In his first point, Movant contends that his plea counsel was ineffective by failing to advise him that he would be entitled to an instruction submitting the lesser included offense of third degree assault on a law enforcement officer if he went to trial. He bases his entitlement to that instruction on his testimony at the evidentiary hearing on his Rule 24.035 motion. He argues that at that hearing he testified that he was not attempting to injure the officers by firing the shotgun. He also testified that he fired the first shot accidentally, but the second was fired "to get the police's attention, to scare them, to get them to stop with the tear gas." Although he testified that he fired the gun into the ceiling, he admitted that some of the pellets could have gone through the window of the apartment. Movant, however, did not establish that he would have actually testified if he had gone to trial, or that this evidence was available through other witnesses.

Movant's plea counsel testified that she had not told Movant that he might be entitled to a lesser included instruction because, based on the evidence, she did not believe that to be so. The motion court concluded that Movant would not have been entitled to the lesser included offense instruction, referring to Movant's tape-recorded threats toward the officers during the stand-off, that some of the shotgun pellets struck the police car near officers, and plea counsel's testimony that she did not believe that they would have been entitled to the instruction.

When asked whether he would have pled guilty if his counsel had advised him of the possibility of such an instruction, he said, "I can't say for sure yes, I would, or no, I wouldn't, because there's some other things that I didn't get to see that I asked her about. But, I mean, I could say, you know, it's possible." Movant is not entitled to relief on his Rule 24.035 motion in the absence of evidence that he would have gone to trial if his plea counsel had done what he alleges she should have done. *Collins v. State*, 792 S.W.2d 887, 889 (Mo.App. S.D.1990). Under such circumstances, he is entitled to no relief, and we need not decide whether the lesser

included offense instruction would have been required. *Id.* Movant's first point is denied.

In his second point, Movant contends that the motion court clearly erred in denying his Rule 24.035 motion because his plea counsel "misadvised [him] that if he accepted the State's . . . plea offer he would be eligible for parole in twenty-four months, as opposed to thirty-six months with the original offer." This point relates to Movant's rejection of an earlier plea bargain, which would have resulted in his guilty pleas to the assault and armed criminal action charges with concurrent terms of eight and three years, respectively. Under that offer, the unlawful use of a weapon charge would have been dismissed. Movant subsequently accepted the plea bargain referred to earlier in this opinion whereby he pled guilty to the assault and unlawful use charges and received the concurrent sentences of ten years and five years, respectively. The armed criminal action charge was dismissed.

Movant complains that his plea counsel incorrectly told him that he would be eligible for parole in twenty-four and one-half months under the plea bargain which he accepted, as opposed to a "flat three" years which would have been required to be served under the original offer. There are several reasons why this point is without merit.

Even if plea counsel did incorrectly advise Movant concerning when he would be eligible for parole, such advice does not automatically undermine the voluntariness of a guilty plea. *Torrence v. State*, 861 S.W.2d 149, 150 (Mo. App. E.D.1993).

Additionally, eligibility for parole is a collateral consequence of a guilty plea. *State v. Rice*, 887 S.W.2d 425, 427 (Mo.App. W.D.1994). Counsel has no duty to inform a defendant of all of the collateral consequences of a guilty plea. *Schofield v. State*, 750 S.W.2d 463, 465 (Mo.App.W.D.1988). *See also Spradling v. State*, 865 S.W.2d 806, 811 (Mo.App. S.D.1993). We also note that Movant testified during his sentencing hearing that no promises had been made to him other than the plea bargain to induce his guilty plea. Finally, when asked at the evidentiary hearing on his Rule 24.035 motion, if

he would have accepted the plea bargain had he not been misadvised about his earliest parole eligibility, Movant said "It's doubtful." Again, this does not establish that but for the alleged incorrect advice of counsel, Movant would have insisted on going to trial. Movant's second point is denied.

The judgment of the motion court is affirmed.

PREWITT and CROW, JJ., concur.