Brian M. ADAMS, Appellant,

v.

STATE of Missouri, Respondent.

No. ED 87706.

Missouri Court of Appeals,
Eastern District,
Division Five.

Nov. 14, 2006.

Motion for Rehearing and/or Transfer to Supreme Court Denied Dec. 26, 2006.

Application for Transfer Denied
Jan. 30, 2007.

Gwenda R. Robinson, Assistant Public Defender, St. Louis, MO, for appellant.

Shaun J. Mackelprang, Assistant Attorney General, Jefferson City, MO, for respondent.

PATRICIA L. COHEN, Judge.

### Introduction

Brian Adams (Movant) appeals from the judgment of the St. Francois County Circuit Court denying his Rule 24.035 motion for post-conviction relief without an evidentiary hearing. Movant contends the motion court clearly erred in denying his motion because the judge handling his probation revocation failed to afford him the opportunity to withdraw his guilty plea prior to revoking his probation and sentencing him to a term of imprisonment that exceeded the term of imprisonment in his plea agreement. We affirm.

### Statement of Facts and Proceedings Below

On November 19, 2003, Movant pled guilty to three counts of the class D felony of passing a bad check.[1] The State's plea agreement was for a maximum four year term of imprisonment on the first two counts to run consecutively and a fine of $1,000 on the third count. The State indicated that it would stand silent upon receipt of a favorable pre-sentence investigation report. Prior to accepting Movant's plea, the court warned Movant that if he received a suspended imposition of sentence, and violated probation, he could face the full range of punishment. Movant stated that he understood and the court accepted Movant's plea, and ordered a pre-sentence investigation report. The report recommended probation and on January 16, 2004, Movant appeared for sentencing. The court suspended imposition of sentence and Movant was placed on five years' supervised probation.

On July 15, 2005, the same judge who handled Movant's plea revoked Movant's probation and sentenced him to three consecutive four year terms of imprisonment. Movant filed a *pro se* Rule 24.035 motion for post-conviction relief on September 2, 2005 and appointed counsel filed an amended motion on December 28, 2005. Movant alleged that he was denied due process because the judge who revoked his probation (who was also Movant's plea judge) imposed a sentence in excess of the plea agreement without first allowing him the opportunity to withdraw his plea.

The motion court issued Findings of Facts, Conclusions of Law and Judgment on January 17, 2006 denying Movant's motion without an evidentiary hearing. Movant appeals.

### Standard of Review

■ Our review of the motion court's denial of post-conviction relief pursuant to Rule 24.035 is limited to a determination of whether the motion court's findings and conclusions are clearly erroneous. *Wil-*

---

1. Movant's plea was taken along with six other defendants who were pleading guilty in unrelated cases. All were represented by the same public defender.

*loughby v. State,* 81 S.W.3d 676, 679 (Mo. App. S.D.2002). Findings and conclusions are clearly erroneous if, upon review of the record, we are left with the firm impression that a mistake has been made. *Id.* Movant carries the burden of proving, by a preponderance of evidence, the motion court clearly erred. Rule 24.035(k); *Morales v. State,* 104 S.W.3d 432, 434 (Mo.App. E.D.2003).

### Discussion

■ In his sole point, Movant contends the motion court clearly erred in denying his Rule 24.035 motion without an evidentiary hearing because the judge handling his probation revocation violated Rule 24.02(d)(4) by denying Movant the opportunity to withdraw his guilty plea before sentencing him to a term of imprisonment. We disagree.

Rule 24.02(d)(4) provides that if the court rejects the plea agreement, the court shall:(1) inform the parties of this fact; (2) advise the defendant personally that the court is not bound by the plea agreement; (3) afford the defendant the opportunity to withdraw his plea; and (4) advise the defendant that if he persists in his guilty plea, the disposition of his case may be less favorable to the defendant than that contemplated by the plea agreement.

Here, Rule 24.02(d)(4) does not apply. The record reflects that the plea court accepted Movant's plea agreement when it placed Movant on probation, a disposition contemplated by the plea agreement. *See Barmore v. State,* 117 S.W.3d 113 (Mo. App. E.D.2002). Although following his probation revocation, Movant received a prison term, this resulted not from a rejection of the plea agreement, but rather from Movant's failure to comply with the conditions of his probation. *See Lawson v. State,* 757 S.W.2d 646, 648 (Mo.App. E.D. 1988). Thus, we find Rule 24.02(d)(4) in-

applicable and conclude Movant is not entitled to an opportunity to withdraw his guilty plea. *See Barmore,* 117 S.W.3d at 113.

Movant's attempts to distinguish *Barmore* are not persuasive. Movant argues that, unlike here, the court in *Barmore* did not issue a warning about the possibility of a greater sentence should his probation be revoked to a group of defendants. Movant claims that because the plea court here simultaneously warned him and six other defendants, he did not understand he would not be able to withdraw his guilty plea if he later violated probation. Although Movant correctly notes that this Court recently disapproved of the procedure of addressing multiple defendants simultaneously, Movant's guilty plea proceedings directly refute any assertions that his plea was involuntary. *See Guynes v. State,* 191 S.W.3d 80, 85 n. 2 (Mo.App. E.D.2006).

Movant also attempts to distinguish *Barmore* by noting that unlike in *Barmore,* his plea court was the same court that imposed probation, revoked probation and sentenced him to a term of imprisonment that exceeded the term of imprisonment in his prior plea agreement. More specifically, Movant contends that in *Barmore,* the Court "placed decisive significance" on the fact that the probation revocation court rather than the plea court imposed the greater sentence. Movant argues, therefore, that "the plea court can be said to have rejected the plea agreement." We disagree that *Barmore* stands for the proposition that if the judge who presides over the plea is the same judge who later handles the probation revocation, the plea court has rejected the plea agreement. Here, it is clear that the plea court complied with the plea agreement, Movant received the benefit of his bargain and was

not improperly denied the opportunity to withdraw his plea.

Finally, Movant argues that the plea court impermissibly imposed new conditions after accepting his plea. Again, the record of Movant's plea proceedings directly refutes Movant's assertion. Point denied.

### Conclusion

The judgment of the motion court is affirmed.

BOOKER T. SHAW, C.J., and LAWRENCE E. MOONEY, J., Concur.